### Howard v. Howard.

(Decided March 13, 1928.)

#### Appeal from Boyd Circuit Court.

Divorce.—In divorce action, alimony award of $1,000 payable in lump sum or at $40 per month, with further provision that, if

plaintiff should marry before $1,000 was paid, defendant should
pay $20 per month for support of child, held error and changed to
$60 per month until further orders.

WILSON & ROBINSON for appellant.

JOHN T. DIEDERICH and JOHN P. BRADY for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing

By judgment of the Boyd circuit court entered at its
February term, 1927, appellant, Grace Howard, was di-
vorced absolutely from appellee, Charles Howard, and
was awarded alimony in the sum of $1,000 payable either
in a lump sum or at the rate of $40 per month. The judg-
ment further provided that, if appellant should marry
again before the $1,000 was paid, then appellee should
pay to her for the support of their child the sum of $20
per month until the child is 16 years of age. She has
prosecuted this appeal from that judgment upon the
theory that the amount allowed is not sufficient.

This court's consideration of the evidence leads to
the conclusion that the chancellor properly concluded and
adjudged that plaintiff was entitled to the divorce sought
upon either of the grounds alleged in her petition; that
is, abandonment or cruel and inhuman treatment. It
would be difficult to find a state of facts under which the
husband could display less regard for his wife and less
appreciation of the obligations of the marital relation or
more indifference and cruelty to her than this record dis-
closes. These facts, of course, are material only in so
far as they relate to the question whether alimony was
properly allowed.

The record discloses that appellee is 31 years of age,
receives a salary of $148 per month, and has no one else
dependent upon him. Under the judgment appealed
from, by paying less than one-third of his salary for a
period of slightly more than 2 years, he will be relieved
entirely of all of his obligations growing out of the mar-
riage contracted between him and appellant and of all
obligation to support his infant daughter now only 3
years of age. Deserted by her husband and under com-
pulsion of the necessity to earn a living for herself and
her infant daughter, appellant has taken up teaching as
a profession and is earning $97.50 per month from that
source. The cost of having an infant daughter cared for

while engaged in her duties materially reduces that amount. To continue to teach she is also required to spend a considerable portion of her earnings each summer in taking additional training for her work. Neither appellant nor appellee is shown to possess any property. This court's consideration of the facts and circumstances surrounding the parties leads to the conclusion that the chancellor erred in awarding alimony in a lump sum. Instead of a lump sum allowance, appellee should have been compelled to pay to appellant as alimony and for the support of their infant child the sum of $60 per month until the further orders of the court. The judgment in this particular will be subject to change at any time upon a proper showing that a change of the status of the parties authorizes it.

Reversed and remanded for a judgment in conformity herewith.