## Cashen v. Riney et al.

(Decided June 19, 1931.)

LOUIS I. IGLEHEART for appellant.

REUBEN MILLER HOLLAND, H. A. BIRKHEAD and BEN D. RINGO for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This action, which at least possesses the merit of novelty, was filed in the Daviess circuit court by the appellant, R. P. Cashen, against the appellees, W. G. Riney and Susan Riney, to recover the sum of $25,000 in damages for the breach of an alleged contract. The petition alleged in substance that on July 15, 1927, plaintiff entered into a parol contract with the defendants by the terms of which they contracted for the services of Isabelle Cashen, appellant's fourteen year old daughter, for the period extending from July 15, 1927, until the end of the school term on May 16, 1928; that the defendants agreed to pay plaintiff for the services rendered to them by his daughter the sum of 75 cents per day during the period of the employment, except the days on which she was at school; that the defendants were given exclusive control and custody of Isabelle Cashen, and they agreed to carefully protect and safeguard her from evil and immoral associates while she was in their custody, and that they breached the contract, in that they knowingly suffered and permitted their son, James Riney, to enter Isabelle Cashen's bedroom and spend long periods of time therein with her; and that as a direct result of their breach of the contract in permitting their son to thus associate with plaintiff's daughter, she was seduced and debauched by James Riney.

A demurrer to the petition was sustained and an amended petition was filed, a demurrer to which was also sustained. The plaintiff declined to plead further, and a judgment was entered dismissing his petition as amended. Plaintiff appeals.

The sole question presented on this appeal is whether or not the petition as amended states a cause of action. The amended petition, which contains the allegations relied on by appellant, reads in part as follows:

"The plaintiff, Richard P. Cashen, for an amendment to his original petition herein states:

"That he is the father of Isabelle Cashen, who was born August 16, 1912; that as the father of Isabelle Cashen he was legally entitled to her services during her minority; that prior to July 15, 1927, Isabelle Cashen lived and resided with the plaintiff and rendered to plaintiff such services as she was able to perform for him;

"That on the 15th day of July, 1927, plaintiff entered into a parol contract with the defendants, W. G. Riney and Susan Riney, by the terms of which the defendants contracted with the plaintiff for the menial services of plaintiff's daughter, Isabelle Cashen, from the 15th day of July, 1927, until the 16th day of May, 1928, that plaintiff agreed that his daughter, Isabelle Cashen, would enter the home of the defendants and would render to the defendants such menial services as she was capable of rendering as a household servant during the aforesaid period of said employment; that for said menial services of plaintiff's daughter, Isabelle Cashen, the defendants agreed to pay plaintiff the sum of seventy-five cents per day during the period of said employment, excepting however, the days on which the said child was at school during said period; that it was agreed between plaintiff and defendants that plaintiff's daughter, Isabelle Cashen, should attend school when same was in session during said period of time; that at the time said Isabelle Cashen entered into the service of the defendants she was fourteen years of age, immature in body and in mind, inexperienced in the ways of the world, without mature reason and judgment, merely a child, innocent, pure and chaste, all of which was well known to defendants, W. G. Riney and Susan Riney, and each of them; that at the time said parol contract was entered into and throughout the period of said employment, by the terms of said agreement, the defendants had the exclusive control, use and custody of plaintiff's infant daughter, Isabelle Cashen; that as a part of the consideration for the services

of Isabelle Cashen during said period of time, the defendants covenanted and agreed with the plaintiff to carefully protect and safeguard plaintiff's daughter, Isabelle Cashen, from associating with or keeping company with boys and young men, and to safeguard and keep plaintiff's daughter, Isabelle Cashen, from evil and immoral associates while under the exclusive custody of said defendants; that the defendants and each of them broke and violated the terms and conditions of the aforesaid parol contract, in that the defendants failed to carefully safeguard the plaintiff's daughter, Isabelle Cashen, from associating with boys and young men and from associating and keeping company with evil and immoral associates as said defendants had contracted and agreed so to do; that defendants suffered and permitted plaintiff's infant daughter, Isabelle Cashen, to keep company and associate with James Riney, a son of the defendants and suffered and permitted their son, James Riney, to occupy a bedroom in close proximity to the bedroom occupied by plaintiff's infant daughter, Isabelle Cashen, and suffered and permitted their son, James Riney, to enter the bedroom occupied by plaintiff's daughter, Isabelle Cashen, and to spend long periods of time in said bedroom with plaintiff's daughter, and this the said defendants did after they had observed the plaintiff's said daughter, Isabelle Cashen, in the embrace of the defendants' said son, James Riney, and as a result the defendants' said son, James Riney, seduced, debauched and had sexual intercourse with plaintiff's said daughter, Isabelle Cashen, and as a direct result of said repeated acts of sexual intercourse had in defendants' own home and while plaintiff's daughter, Isabelle Cashen, was under their exclusive care and control, the plaintiff's said daughter became pregnant and with child by James Riney, son of the defendants, and thereafter, and on the 20th day of October, 1928, as a consequence and as a direct result of said intercourse, gave birth to a child; that plaintiff's said daughter, Isabelle Cashen, from the date that she gave birth to said child up to the date of the filing of this amended petition on the 3rd day of June, 1929, has been unable to do or perform any services for the plaintiff, and plaintiff has during said time lost and has been deprived of the services of said child.

"That as a direct result of the breach of said contract on the part of the defendants in failing to safe-guard and protect plaintiff's daughter from being debauched and seduced as aforesaid, plaintiff has lost the services of his infant daughter, Isabelle Cashen, as aforesaid, from the date of the birth of said child, on the 20th day of October, 1928, up to the day of the filing of this amended petition, and will continue to suffer damages for the loss of the services of said child up until said Isabelle Cashen becomes twenty-one years of age; that plaintiff, as a direct result of the breach of said contract on the part of the defendants as aforesaid, has suffered and will continue to suffer for a long time to come great and indescribable grief, sorrow, disgrace, and humilliation, and by reason of and as a direct result of the aforesaid breaches of the aforesaid contract by the defendants the plaintiff has been damaged in at least the sum of $25,000.00, no part of which has ever been paid.

"That at the time said parol contract was entered into between plaintiff and defendants it was contemplated by the parties to said contract and was in contemplation of the parties to said contract, that a breach of the aforesaid contract on the part of the defendants in the respects heretofore set out herein, would result in great damages to the plaintiff for the loss of the services of said Isabelle Cashen, as aforesaid, and for physicians' bills, nursing and medicine as aforesaid, and that a breach of said contract in the respects heretofore mentioned would result in great damages to the plaintiff by reason of the great and indescribable grief, sorrow, disgrace and humiliation that plaintiff would, as the direct consequence of said breach suffer.

"That the defendants and each of them during the period of time that said Isabelle Cashen was performing menial services for said defendants, and while under the exclusive care, custody and control of the defendants and prior to the time that said Isabelle Cashen had been seduced, or had sexual intercourse with said James Riney, the defendants and each of them knew and had actual notice that their said son, James Riney, had been kissing and embracing plaintiff's said daughter, Isabelle Cashen, and taking undue familiarties with said child, and

>notwithstanding said knowledge on the part of said defendants and each of them, said defendants still suffered and permitted said James Riney to associate with and keep company with said Isabelle Cashen on numerous and divers occasions and places, and suffered and permitted said James Riney to enter the bedroom of plaintiff's said daughter on numerous and divers occasions, and thereafter and as a direct result of the said defendants knowingly suffering and permitting their said son James Riney, to continue to commit the aforesaid acts, that the subsequent seduction and debauching of plaintiff's said daughter was accomplished in the home of the defendants while said plaintiff's said infant daughter was under the exclusive care, custody and control of said defendants.''

In our investigation of the subject, we have met with no reported case in which facts similar to those here alleged were involved. Counsel on both sides have cited a number of cases, none of which we deem in point. Counsel for appellant has cited several cases from this jurisdiction which would be directly in point if the séducer were the defendant, but these cases throw no light upon the question before us.

Before determining the sufficiency or insufficiency of the petition as amended, we will briefly state a few well-recognized principles of law which we think have a bearing on the question. It is the legal, as well as the natural, duty of parents not only to educate, maintain, and support their infant children, but also to shield and protect them from evil and injury. The rule is thus stated in Schouler on Domestic Relations, vol. 1, p. 844:

>''Three leading duties of parents as to their legitimate children are recognized at the common law: first, to protect; second, to educate; third, to maintain them. These duties are all enjoined by positive law; yet the law of the natural affections is stronger in upholding such fundamental obligations of the parental state. First, as to protection: that cover or shield from evil and injury which is afforded by the parent. This duty the stronger owes to the weaker, and especially does the father owe it to his child, so long as the latter remains comparatively helpless. This obligation may be shifted in time, as

age adds to the strength of the one and the infirmities of the other. The duty of giving personal care and protection to children is distinct from the duty of support."

One who stands to a child in loco parentis has the same rights and duties during the continuance of that relationship as the parent and is bound to use the care incumbent upon a parent to shield such child from evil and injury. It is suggested that appellant could not release his parental control of his child and delegate to a third person by contract his duty to protect her from evil. A contract by the parent to place the child in the custody and control of another, he to receive any compensation earned by the child by its services, is not contrary to public policy if it is not prejudicial to the child's welfare. A parent is entitled to his child's earnings until the child is twenty-one years of age. This right of the parent to the child's wages is founded on the theory of compensation for the support of the child. Rounds Bros. v. McDaniel, 133 Ky. 669, 118 S. W. 956, 134 Am. St. Rep. 482, 19 Ann. Cas. 326.

Under the contract set out in the petition as amended the appellant did not divest himself of the obligation to perform his parental duties, but was attempting to carry out those duties in so far as he could by the contract alleged to have been made with the appellees. We do not construe the alleged contract as an absolute guaranty on the part of the appellees to safeguard the virtue of the appellant's daughter. It was merely an undertaking to perform such duties as were incumbent upon them in the absence of a contract where they had the custody and control of an immature child. The contract merely recognized the immaturity of Isabelle Cashen and the necessity on the part of those having custody and control of her to exercise the care and duty incumbent upon a parent to protect her. The following allegations appear in the petition as amended:

"As a part of the consideration for the services of Isabelle Cashen during said period of time, the defendants covenanted and agreed with the plaintiff to carefully protect and safeguard plaintiff's daughter, Isabelle Cashen, from associating with or keeping company with boys and young men and to safeguard and keep plaintiff's daughter, Isabelle Cashen, from evil and immoral associates while under the exclu-

sive custody of said defendants; that the defendants and each of them broke and violated the terms and conditions of the aforesaid parol contract, in that, the defendants failed to carefully safeguard the plaintiff's daughter, Isabelle Cashen, from associating with boys and young men and from associating and keeping company with evil and immoral associates as said defendants had contracted and agreed so to do; that defendants suffered and permitted plaintiff's infant daughter, Isabelle Cashen, to keep company with and associate with James Riney, a son of the defendants, and suffered and permitted their said son, James Riney, to occupy a bedroom in close proximity to the bedroom occupied by plaintiff's infant daughter, Isabelle Cashen, and suffered and permitted their said son, James Riney, to enter the bedroom occupied by plaintiff's daughter, Isabelle Cashen, and to spend long periods of time in said bedroom with plaintiff's daughter, and this the said defendants did after they had observed the plaintiff's said daughter, Isabelle Cashen, in the embrace of defendants' said son, James Riney, and as a result the defendants' said son seduced, debauched and had sexual intercourse with plaintiff's said daughter, Isabelle Cashen, and as a direct result of said repeated acts of sexual intercourse had in defendants' own home and while plaintiff's daughter, Isabelle Cashen, was under their exclusive care and control, the plaintiff's said daughter became pregnant and with child by James Riney.''

And further:

''The defendants and each of them during the period of time that said Isabelle Cashen was performing menial services for said defendants, and while under the exclusive care, custody and control of the defendants and prior to the time that said Isabelle Cashen had been seduced, or had sexual intercourse with said James Riney, the defendants, and each of them knew and had actual notice that their said son, James Riney, had been kissing and embracing plaintiff's said daughter, Isabelle Cashen, and taking undue familiarities with said child, and notwithstanding said knowledge on the part of said defendants and each of them, said defendants still suffered and permitted said James Riney to associ-

ate with and keep company with said Isabelle Cashen on numerous and divers occasions and places, and suffered and permitted said James Riney to enter the bedroom of the plaintiff's said daughter on numerous and divers occasions, and thereafter and as a direct result of the said defendants knowingly suffering and permitting their said son, James Riney, to continue to commit the aforesaid acts, that the subsequent seduction and debauching of plaintiff's said daughter was accomplished in the home of the defendants while said plaintiff's daughter was under the exclusive care, custody, and control of said defendants.''

If these allegations are true, then the appellees knowingly permitted Isabelle Cashen to associate with James Riney under circumstances that amounted to a violation not only of the terms of the alleged contract but of the duty they owed to a child of immature years in their custody and control. Under the contract set out in the petition as amended, the appellees agreed to act toward the child, while in their custody and control, in the matter of protecting her from evil, as an ordinarily prudent and sensible parent would act toward his own child. If they failed in this respect and under circumstances that should have brought home to them notice that the child was being exposed to the danger of seduction and they negligently failed to take proper steps to ward off the danger and protect her, they are liable to the parent for the injury resulting. A person standing temporarily in loco parentis may not shut his eyes to obvious danger threatening the moral or physical well-being of the child committed to his custody and plead nonliability when injury, due to his failure to exercise that degree of care incumbent upon him under the circumstances, results.

Being of the opinion that the petition as amended states a cause of action, it follows that the lower court erred in sustaining a demurrer thereto. Wherefore the judgment is reversed for further proceedings consistent herewith.

The whole court sitting.