## Howard v. Howard.

Dec. 6, 1940.

Watt M. Prichard, Judge.

H. F. Price for appellant.

P. H. Vincent and A. W. Mann for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The appellant and appellee were divorced from each other in the year 1927 and by the final judgment, entered after a reversal of the original judgment by this court in Howard v. Howard, 223 Ky. 531, 4 S. W. (2d) 366, she was awarded a lump sum and $60 per month for the support of herself and two year old daughter whose custody was awarded to appellant.

As usually happens in such cases, the appellee became in arrears in his payments and as a result of a hearing in the circuit court in the year 1929 an agreed order was entered by which appellee should pay appellant the sum of $180 and thereafter pay the sum of $20 per month for the support of the infant daughter. In 1934 appellee was ordered to pay doctors' bills amounting to $70 and in 1936 the monthly allowance to appellant was increased to $30 per month. When the daughter arrived at the age of 16, appellee ceased making payments, supposing, so he testified, that when his daughter reached that age he was no longer obligated to pay for her maintenance. As a result of this cessation in February, 1939, a rule was issued against appellee to show cause why he had failed for several months to pay the $30 per month. Following this rule, appellant moved that the allowance be increased to $60 per month and appellee moved that the allowance be decreased to $20 per month. On the hearing of these motions the chancellor adjudged that appellee was $85 in arrears and that he pay $5 per month thereon and continued in effect the allowance of $30 per month. Appellant prosecutes this appeal from that judgment.

The facts developed on the hearing are substantially as follows. The appellant, a teacher in the Ashland schools, makes a salary of $153 per month for nine months, approximately $115 per month for the year. The daughter was then 16 years of age and a student in high school. Her health is below normal and appellant has been required to pay fairly large dental and doctors' bills. Appellant owes $350 for money borrowed for the purpose of taking courses at various schools to prepare herself as a teacher; she is also indebted to the amount of approximately $100 for incidental expenses. Appellant says she is required to maintain a car in order to transport herself to and from her work. She and the

daughter state that appellee paid no attention to the daughter beyond speaking to her casually when he met her on the streets.

Appellee is Chief of Police of Ashland, earning a salary of $235 per month. He has remarried and has a daughter nine years of age. His present wife is earning a net salary of $120 per month.

Each of the parties, of course, testifies as to the financial difficulties with which he or she is confronted and, as might be expected, each testifies as to the practical impossibility of getting along with the funds available. According to appellant it is impossible to maintain her daughter on less than $60 per month, while appellee states that it is impossible for him to maintain his family and pay more than $20 per month for his daughter's maintenance.

In determining the monthly sum that appellee should pay for the support and maintenance of his daughter we may eliminate appellee's present wife from the picture since it appears that she is earning a sufficient amount to be self sustaining. When this is done, the situation is that appellant with a salary of $115 per month is maintaining the daughter while appellee with a salary of $235 per month has himself and his nine year old daughter by his second marriage to provide for. It is self-evident that the expense of maintaining the daughter of appellant and appellee is more now than it was in the year 1934 when the allowance was fixed at $30 per month, for she has now arrived at an age requiring more expenditure for clothes and general incidental expenses. Considering the situation of the parties, we are of the opinion that the chancellor should have fixed the amount for appellant to pay at $40 per month. Appellant was entitled to this allowance as of June 10, 1939, when the judgment was entered and the judgment to be entered pursuant to this opinion should provide for the payment of $45 per month until the arrears from that date have been made up and thereafter at the rate of $40 per month until further order of the court.

Judgment reversed with directions to enter a judgment in conformity with this opinion.