DEPARTMENT OF ECONOMIC SECURITY, DIVISION OF PUBLIC ASSISTANCE, Earle V. Powell, Commissioner, Appellant,

v.

Lester MILLS, Appellee.

Court of Appeals of Kentucky.

May 28, 1965.

Paul E. Tierney, Forest Smith, Frankfort, for appellant.

J. W. Jordan, Barbourville, for appellee.

STEWART, Judge.

This appeal is from a judgment of the Knox Circuit Court which reversed an administrative order denying aid to Lester Mills for his dependent children. The

judgment pronounced him eligible for public assistance and directed that he receive support from the Department of Economic Security, Division of Public Assistance, for his children.

A summary of the essential facts is that Mills had filed three applications for assistance for his dependent children, the most recent on April 17, 1962. All applications were denied for the reason that appellee's physical incapacity as a breadwinning parent was not established, according to rulings of the Appeal Board of the Department of Economic Security, Division of Public Assistance. A denial of the last application was upheld on December 14, 1962, by the Appeal Board. Mills then filed a petition for review in the Knox Circuit Court which reversed the order of the Board, holding that his children should be added, as of February 8, 1963, to the rolls of those receiving assistance.

■ The sole issue to be determined in this case is whether the Appeal Board had before it sufficient evidence of probative value to sustain its finding that Mills is fully capable of working and gaining a livelihood for his children. KRS 405.-020(1) provides that the father shall be primarily liable for the nurture and education of his minor children. The burden of proving that he is unable to do so rests upon him.

Mills, now approximately 30 years of age, claimed at the time he filed his application he was physically disabled by reason of an ulcerated stomach, arthritis, back trouble and chronic nervousness. The Appeal Board on May 1, 1963, authorized that a comprehensive examination of him be made at its expense. At the direction of the Appeal Board, three doctors undertook this task and we state their evaluations of Mills' condition.

Dr. Gilbert R. Hamilton of the Harlan Memorial Hospital found Mills to have an irritable colon and to be subject to depressive reactions; however, he thought neither of these impairments had progressed to the point that he could not engage in a useful occupation. Dr. Albert Shiflet, an orthopedic specialist connected with the same hospital, stated there was "insufficient clinical and X-ray findings to substantiate his (Mills') complaint of disability." Dr. William F. Gallivan of Knoxville, Tennessee, performed a myelogram test on Mills which, in his opinion, gave no evidence of a spinal tumor or of a herniated disc. As regards the low back strain of which Mills had complained to him, he remarked: "I would anticipate that this strain will improve if he follows a strenuous back exercise program." He said he had instructed Mills in the specific exercises he should take.

Against this medical data, verified by laboratory and clinical tests, Mills introduced the report of Dr. E. V. Gregorich on October 5, 1963. As to Mills' general condition, he concluded: "I consider his case complete disability as far as his back is concerned." This report was not filed in this case until after the Appeal Board had made an administrative determination to deny Mills' application for the relief he sought.

■ In a case such as the one before us, it is the function of the Appeal Board, and not of the courts, to determine the sufficiency of the proof; and, if there is substantial evidence to uphold the finding of the Appeal Board, the courts are bound thereby and may not disturb such finding. See Barnes v. Turner, Ky., 280 S.W.2d 185; Powell v. Bingham, Ky., 350 S.W. 2d 150.

■ As shown heretofore, there is ample clinically verified probative evidence in the record to sustain the finding of the Appeal Board that Mills is capable of working and earning a living for his children. The circuit court went beyond its scope of review when it undertook to resolve the

conflicting probative evidence introduced and, under the facts presented, make a finding contrary to the Appeal Board's conclusion.

Wherefore, the judgment is reversed with directions to enter a new one sustaining the order of the Appeal Board.