**Lincoln MILLER, Appellant,**

v.

**Ruth Mary MILLER, Appellee.**

Court of Appeals of Kentucky.

Oct. 16, 1970.

Allen Schmitt, Louisville, for appellant.

Harry Hargadon, Sr., Louisville, for appellee.

OSBORNE, Judge.

This appeal by the father seeks a reversal of an order of the trial court increasing the maintenance allowance for four infant children. This is the second appearance of this case before us, it having originally come up following the divorce decree.

The original judgment entered on April 24, 1963 fixed $125 per month as support for each of the four children. This motion for an increase in the payments to $175 per month was filed on September 9, 1968. Also included in the motion was a request by the mother to require the father to pay tuition for one of the children in the amount of $2300.

Upon filing of these motions, appellant made an affidavit in an attempt to remove the trial judge from the bench. The motion for removal was overruled. Complaint is also made of this ruling. An affidavit for removal of a trial judge must contain facts sufficient to show within themselves a disqualifying prejudice upon the part of the judge. Foster v. Commonwealth, Ky., 348 S.W.2d 759; Howerton v. Price, Ky., 449 S.W.2d 746. If these facts are shown, they cannot be placed in dispute and the judge must then

remove himself. Albertson v. Commonwealth, 312 Ky. 68, 226 S.W.2d 523; Johnson v. Ducobu, Ky., 258 S.W.2d 509. We have examined the affidavit with care and we are of the opinion that the facts stated are not sufficient to show a disqualifying prejudice upon the part of the judge. The judgment in this respect is affirmed.

Appellee relied upon two circumstances for an increase in the amount of support. First, she alleged that over the past five years the cost of living has advanced. Second, she alleged that the children are now older and because of their increase in age the expense of maintaining them is also increasing. At first blush it might appear that these are two factors which could have been and probably were considered by the trial judge at the time the original judgment was entered, therefore, they should not be considered as a change in circumstances that would warrant modification of the judgment. However, a review of our cases reveals that we have in the past recognized both of these reasons as being valid insofar as increasing or modifying a decree is concerned. In Howard v. Howard, 284 Ky. 681, 145 S.W.2d 839, we held that the advancing age of a child constituted sufficient change in circumstances to support an increase in allowance. In Gray v. Gray, 301 Ky. 381, 192 S.W.2d 102, we held that the rise in the cost of living, particularly food, was sufficient to support an increase in an award. The truth of the matter is that both of these are factors that trial courts might well guard against but there is no assurance that they always do. The opening of judgments for these causes could have the effect of increasing the work load of our courts. However, these cases are by law required to remain on the docket and parents who have custody are not likely to come back into court and undergo the discomforts of another proceeding for light and transient reasons. We believe the best policy is to review the judgment upon the grounds stated in this case.

The chancellor granted an increase from $125 to $160 per month for each of the four children. We have examined the evidence and do not find any abuse of discretion. Therefore, the increase must stand.

The next question presented upon this appeal is a bit more troublesome. The chancellor required the husband to provide each child with a college education.

Generally speaking it is the responsibility of a father to provide an education for his children, 27B C.J.S. Divorce § 322(2), pp. 701, 702. We have followed the general rule insofar as it declares the duty of the parent to provide an education for children. Rounds Bros. v. McDaniel, 133 Ky. 669, 118 S.W. 956; Cashen v. Riney, 239 Ky. 779, 40 S.W.2d 339; Dept. of Economic Security, Division of Public Assistance v. Mills, Ky., 391 S.W.2d 363. However, the rule as applied in this jurisdiction only applies to primary and secondary education. It has never been made to apply insofar as a college education is concerned. In Young v. Young, Ky., 413 S.W.2d 887, we said:

"In the absence of a contract the legal obligation of a father to support his children terminates upon their reaching their eighteenth birthday. There may exist a moral obligation for a father to assist his children in acquiring a college education but this is not legally enforceable. See KRS 2.015; KRS 405.020(1); KRS 403.070."

For the foregoing reasons the judgment insofar as it directs the father to supply a college education is reversed.

We are of the further opinion that there being no satisfactory proof in this record that the public schools of Jefferson County are inadequate for educational purposes for these children and no proof that any of the children suffer a handicap that would make public schools unsuitable, the judgment awarding funds to provide pri-

vate-school education in the amount of $1150.00 for the eldest son should be reversed.

Judgment affirmed in part and reversed in part.

All concur.