**Lisa C. McKINNEY (Koehler), Appellant,**

v.

**Michael S. McKINNEY, Appellee.**

**No. 90–CA–001688–S.**

Court of Appeals of Kentucky.

July 26, 1991.

Roy C. Blanford, Owensboro, for appellant.

Jay A. Wethington, Connor, Neal & Stevenson, Owensboro, for appellee.

Before CLAYTON, HAYES and STUMBO, JJ.

STUMBO, Judge.

Lisa C. McKinney (Koehler), the appellant, asserts error in an order of the Daviess Circuit Court dated July 9, 1990. She specifically argues that the trial court failed to follow the criteria in KRS 403.212 in finding Michael S. McKinney, the appellee, not to be voluntarily underemployed. Having carefully reviewed the record, we find no error and affirm.

The parties were divorced in 1979, with two children born of the marriage. The appellee's child support obligation was increased in 1983 from $30 per child each week to $50 per child each week. The appellant sought another increase in child support on or about January 1990, which was denied by court order dated January 29, 1990. The appellant thereafter sought to show that the appellee was voluntarily underemployed in a motion filed February 23, 1990. The trial court found the appellee not to be voluntarily underemployed in its order dated July 9, 1990.

■ The court's July 9 order listed specific reasons why the appellee was not voluntarily underemployed in light of the child support guidelines. The appellee had worked in Owensboro several years for an aluminum company making $13.45 per hour, approximately $40,000 annually. He was laid off in August 1989 from that employment. Nine weeks later the appel-

lee found employment in Bowling Green at $11.50 per hour, nearly $24,000 annually. He was recalled to his former job in January 1990 but refused to return. The appellee had set up residence with his new family in Bowling Green. He also considered his new job to be more secure than his old job because of the prior layoff. The trial court specifically found that the appellee did not "deliberately and willfully leave his employment at Commonwealth Aluminum and seek a lesser paying job."

Findings of fact by the court should not be disturbed unless they are shown to be clearly erroneous. CR 52.01; *Duncan v. Duncan*, Ky.App., 724 S.W.2d 231 (1987). The findings by the trial court were extensive and very detailed. Ample evidence was presented to reasonably support the court's findings. We do not consider these findings to be clearly erroneous.

■ This Court has seen several cases, this particular one included, where the issue is raised whether bad faith is required under KRS 403.212 to find an individual to be voluntarily underemployed. The statutory language makes no mention of a bad faith requirement. Considering the alternatives, however, we think such a requirement must be implied. The statute would make sense only when one purposely terminated his employment or changes to employment with lower pay with an intent to interfere with his support obligations. If an individual's employment situation changes because of circumstances beyond his control or is reasonable in light of all the circumstances, then it would be unfair to find him to be voluntarily underemployed. KRS 403.212(2)(d) must therefore be interpreted to include a bad faith requirement.

For those reasons heretofore given, the judgment of the Daviess Circuit Court is hereby affirmed.

All concur.