**Damon SMITH, Appellant,**

**v.**

**Virginia Ann SMITH a/k/a Virginia Ann Schremser, Appellee.**

**No. 91-CA-1738-S.**

Court of Appeals of Kentucky.

Nov. 13, 1992.

Rehearing Denied Jan. 29, 1993.

Robert M. Kaercher, Connelly, Kaercher & Stamper, Louisville, for appellant.

Henry Lloyd Schildknecht, Jr., Howard, Schildknecht & Howard, Louisville, for appellee.

Before EMBERTON, GUDGEL and WILHOIT, JJ.

WILHOIT, Judge.

Damon Smith appeals from an order of the Jefferson Circuit Court which modified his support obligations for his two infant children. The marriage between the appellant and the appellee was dissolved on June 23, 1981, and the appellant was ordered to pay $45 per week as support for each of his two children. On March 26, 1990, he was ordered to increase his payments of child support to $62.50 per week per child.

In September 1990, the appellee filed a motion for an increase in child support because her job was being eliminated, forcing her to take a lesser-paying job, and because of extraordinary expense she had incurred for music lessons for one of the children. After hearing the matter, the Domestic Relations Commissioner recommended an increase in child support from $62.50 to $75 per week per child. The Jefferson Circuit Court confirmed the increase in May 1991.

The appellant contends that the court erred in finding that his son's private music lessons should be considered "extraordinary education" so as to allow a modification in child support. He compares this situation to that in *Miller v. Miller*, Ky., 459 S.W.2d 81 (1970), where the court reversed an order requiring a non-custodial parent to pay private school tuition in the

absence of proof that the public schools were inadequate for educational purposes and proof that the child suffered a handicap which would make the public schools unsuitable. The appellant contends that since there is no proof that the parties' son cannot take music lessons from the public school in which he is attending, nor is the parties' son handicapped in any way that would require him to attend private school, the appellant should not be required to pay additional child support.

The child support guidelines in KRS 403.212 provide a rebuttable presumption for the establishment or modification of the amount of child support. KRS 403.211 provides that a court may deviate from the guidelines where their application would be unjust or inappropriate and where the court makes a written finding or specific finding on the record specifying the deviation. That statute reads in part as follows:

> (3) A written finding or specific finding on the record that the application of guidelines would be unjust or inappropriate in a particular case shall be sufficient to rebut the presumption and allow for an appropriate adjustment of the guideline award if based upon one (1) or more of the following criteria:
>
> ....
>
> (b) A child's extraordinary educational, job training, or special needs;
>
> ....
>
> (4) "Extraordinary" as used in this section shall be determined by the court in its discretion.

The commissioner found that "deviation from the guidelines is appropriate in this case due to the musical abilities of the child and the opportunities that those musical abilities present for furthering his educational and job potential." The commissioner also found that "the appellee did not voluntarily give up a $40,000 per year job, but that her job was phased out." These findings and recommendations were confirmed by the court.

The appellee argues that we cannot set aside findings of fact unless they are shown to be clearly erroneous, CR 52.01; *McKinney v. McKinney*, Ky.App., 813 S.W.2d 828 (1991), and we agree; however, the interpretation of the relevant statute is a question of law rather than fact. KRS 403.211 allows for deviation from the child support guidelines upon a finding of extraordinary educational needs. We cannot agree with the legal conclusion that the statute encompasses private music lessons in its definition of "extraordinary educational needs." As used in the statute, we believe "extraordinary educational needs" refers to those things not ordinarily necessary to the acquisition of a common school education but which become necessary because of the special needs of a particular student. While we may be of the opinion that a parent ought to seek to maximize a child's talents, we do not think the statute was intended to change the common law of this jurisdiction which requires a parent to provide only primary and secondary education. *See Miller v. Miller*, 459 S.W.2d at 83.

Secondly, the appellant contends that the commissioner erred in recommending an increase when the appellee failed to establish a 25 percent change in the amount of support necessary for a presumption of changed circumstances. KRS 403.213 sets the criteria for modification of child support awards and requires a showing of a material change in circumstances that is substantial and continuing for modification. That statute also provides that for one year following its enactment in 1990, if the application of the support guidelines to the circumstances of the parties would call for a 25 percent modification in the amount of support due, then it shall be rebuttably presumed that there has been a material change in circumstances. KRS 403.213(2). However, if the application would result in less than a 25 percent change, it is rebuttably presumed not to be a material change in circumstances. *Id.* The reduction in the appellee's income alone would not result in a 25 percent change in the amount of support due under the guidelines.

Inasmuch as the appellee's decreased income alone would not support a modification of support under the guidelines, and

there has been no showing of "extraordinary educational needs" or finding of other circumstance which would overcome the statutory presumption, we have no alternative but to set aside the circuit court's order. Therefore, the order of the Jefferson Circuit Court is reversed.

All concur.