Mary Elizabeth BJELLAND, Appellant

v.

Thomas Stuart BJELLAND, Appellee.

No. 2012–CA–000114–MR.

Court of Appeals of Kentucky.

Aug. 9, 2013.

Mary Bjelland, Pro se, Fort Thomas, KY, for appellant.

Thomas Stuart Bjelland, Pro se, Covington, KY, for appellee.

Before CLAYTON, LAMBERT, and THOMPSON, Judges.

*OPINION*

CLAYTON, Judge:

Appellant, Mary Bjelland (Mary), appeals from the December 16, 2011 order of the Campbell Circuit Court requiring her to share a portion of the expenses of her childrens extracurricular activities with her former husband, Appellee, Thomas Stuart Bjelland (Thomas). For the following reasons, we affirm the circuit courts decision.

FACTUAL AND PROCEDURAL BACKGROUND

The following are the relevant facts for this case as summarized by this Court upon consideration of a prior appeal:

The parties were married in November of 1989 and have two children. On June 28, 1994, the trial court entered the parties' decree of dissolution of marriage

and incorporated the parties' property settlement agreement. By the terms of the property settlement agreement the parties shared joint custody of the children with [Appellant] as the primary custodian.

For years the children primarily resided with [Appellant] and attended the local public school, Ft. Thomas/Highland Heights. However, due to a dependency action, the children moved into Thomas's home which was not in the Ft. Thomas/Highland Heights school district. Thomas made multiple motions to the trial court concerning child support, reimbursement of medical expenses, reimbursement of extracurricular expenses, school district and tuition, and the children's bank accounts.

In the court's February 14, 2008, order, the court ruled upon all pending motions. The court set child support and ordered the parties to split the medical expenses and the extracurricular expenses[1] for the children with Thomas having 55% of the financial responsibility and [Appellant] 45%. The court then found that it was in the best interest of the children to remain in their current school system of Ft. Thomas/Highland Heights. Thus, out-of-district tuition was included as an extracurricular expense for the academic year 2007–2008.

*Bjelland v. Bjelland,* 2010 WL 2573879 (Ky.App.2010)(2008–CA–000523–MR, 2008–CA–001852–MR) *1. [2]

Mary appealed this order, and a panel of our Court affirmed the decision to divide the out-of-district tuition between the parties, vacated the trial courts order to divide expenses incurred from extracurricular activities, and remanded the latter issue to the trial court to determine which expenses were necessary for the childrens primary and secondary education. *Id.* at *4.

On November 4, 2011, the trial court held a hearing regarding these expenses. Some of the expenses were found to be a special need of the children and some of the expenses were not. The expense that is challenged in this appeal is the eighth-grade field trip costs. The court found this to be a special need. This finding was based on evidence that the trial court received from Thomas. The trial court again ordered Mary to reimburse Thomas for these expenses, including the field trip costs on appeal. The parties entered into an agreement on December 5, 2011, in which Mary agreed to pay the amount ordered by the trial court. The trial court then issued an order on December 16, 2011, and Mary brought this appeal.

## ANALYSIS

■ Mary argues that the trial court erred in requiring payment from her for the eighth-grade field trip costs because there was no finding of fact that either child had the requisite special needs. The trial court is vested with broad discretion in the establishment, enforcement, and modification of child support. Accordingly, this court reviews child support matters under an abuse of discretion standard, *i.e.,* whether the decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *McKinney v. McKinney,* 257 S.W.3d 130, 133 (Ky.App.2008). The trial courts findings of fact will only be disturbed if clearly erroneous. Kentucky Rules of Civil Procedure ("CR") 52.01;

---

1. The court-ordered specific extracurricular expenses to be split were school trips, band fees, Advanced Placement fees, school fees, PSAT fees and school supplies.

2. Unpublished cases are cited as persuasive authority pursuant to Kentucky Rules of Civil Procedure (CR) 76.28.

*Cherry v. Cherry,* 634 S.W.2d 423, 424 (Ky.1982). A factual finding is not clearly erroneous if it is supported by substantial evidence. *Sherfey v. Sherfey,* 74 S.W.3d 777, 782 (Ky.App.2002).

■ The trial court's order which requires Mary to reimburse Thomas for the expenses on appeal is a deviation from the agreed child support payments. The child support guidelines in Kentucky Revised Statutes ("KRS") 403.212 provide a rebuttable presumption for the establishment or modification of the amount of child support. KRS 403.211 permits a court to deviate from the child support guidelines where:

(2) [T]heir application would be unjust or inappropriate. Any deviation shall be accompanied by a written finding or specific finding on the record by the court, specifying the reason for the deviation.

(3) A written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case shall be sufficient to rebut the presumption and allow for an appropriate adjustment of the guideline award if based upon one (1) or more of the following criteria:

(a) A child's extraordinary medical or dental needs;

**(b) A child's extraordinary educational, job training, or special needs;**

(c) Either parent's own extraordinary needs, such as medical expenses;

(d) The independent financial resources, if any, of the child or children;

(e) Combined monthly adjusted parental gross income in excess of the Kentucky child support guidelines;

(f) The parents of the child, having demonstrated knowledge of the amount of child support established by the Kentucky child support guidelines, have agreed to child support different from the guideline amount. However, no such agreement shall be the basis of any deviation if public assistance is being paid on behalf of a child under the provisions of Part D of Title IV of the Federal Social Security Act [3] and

(g) Any similar factor of an extraordinary nature specifically identified by the court, which would make application of the guidelines inappropriate.

(Emphasis added).

In *Bjelland,* this Court agreed with the trial court's finding that tuition was an extraordinary expense and, could be required in addition to child support. *Bjelland,* at *4. This finding meets the requirements of KRS 403.211. *See also Smith v. Smith,* 845 S.W.2d 25, 26 (Ky.App.1992). According to KRS 403.211(4), " '[e]xtraordinary' as used in this section shall be determined by the court in its discretion." This Court also stated that the extraordinary educational needs' refers to those things not ordinarily necessary to the acquisition of a common school education but which become necessary because of the special needs of a particular student. *Bjelland,* at *4. Further, pursuant to KRS 403.211, a trial court must make factual findings concerning such expenses. Here, the trial court made factual findings to support its holding that Mary was responsible for her portion of several extracurricular expenses which included the field trip cost which is the subject of this appeal.

The trial court heard testimony from the parties and found that Thomas's testimony was the most credible. The trial court concluded that the mandatory field trip costs were required for the child's participation in the class and found the nonmandatory field trip costs "to be a special

**3.** 42 U.S.C.A. §§ 651 to 669b.

need of the child, to allow the child to go with their [sic] classmates on a trip."

■ After reviewing the record, the parties briefs, and the applicable statute, KRS 403.211, this Court finds no clear error or abuse of discretion by the trial court. The trial court as the fact-finder has the discretion to hear evidence and make a decision based on the evidence presented. Furthermore, a trial court has the discretion to determine the credibility of witnesses. The trial court's acceptance of Thomas's testimony as more credible satisfied the substantial evidence requirement for its ruling. Mary fails to cite to the record or otherwise point to any countervailing evidence in support of her argument.

CR 52.02 states that "not later than 10 days after entry of judgment the court of its own initiative, or on the motion of a party made not later than 10 days after entry of judgment, may amend its findings or make additional findings and may amend the judgment accordingly." However, despite alleging that there was "no credible evidence that these two children had any 'special needs' for these extracurricular expenses," Mary did not make a Motion for Additional Findings after the December 16, 2011 order.

Because we defer to the trial court in issues of fact-finding, and because the trial court reached its conclusion based on substantial evidence presented at trial, we conclude that there is no error in the trial court's order to require payments from Appellant for the extracurricular expense. We therefore affirm the decision of the trial court.

ALL CONCUR.