RENDERED: FEBRUARY 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1113-MR

NATASHA L. YORK                                        APPELLANT

APPEAL FROM CRITTENDEN CIRCUIT COURT
v.        HONORABLE DEANNA WISE HENSCHEL, SPECIAL JUDGE
ACTION NO. 15-CI-00128

JOSH D. YORK                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, MCNEILL, AND TAYLOR, JUDGES.

MCNEILL, JUDGE: Natasha L. York ("Natasha") appeals from an order of the Crittenden Family Court denying her motion to enforce a marital settlement agreement which would require Josh D. York ("Josh") to pay one-half of increased health care coverage costs. The family court found that the increased cost was not reasonable and granted Josh's motion to modify child support. Finding no error, we affirm.

Natasha and Josh were married in 2001 and have three minor children together. In 2015, the parties entered into a marital separation agreement and petitioned the Crittenden Family Court to dissolve the marriage. Included in the agreement was a provision concerning medical care coverage for the children. At the time of the separation, Natasha had health insurance through her employer, the Kentucky Department of Corrections. The separation agreement provided that "Wife shall maintain health insurance on the minor children as long as it is provided through her employment. In the event the Wife's employer no longer offers health insurance, the parties will split the cost of health insurance coverage for the minor children."

On January 6, 2016, the family court adopted the separation agreement and dissolved the marriage. In 2021, Natasha voluntarily left her job at the Department of Corrections to work at her new husband's law practice.[1] Her new job did not offer health insurance and as a result, the children's health insurance cost increased from $156.28 per month to $640.88. Natasha petitioned the family court to enforce the settlement agreement and require that Josh pay one-half of the increased cost.

---

[1] Natasha married Robert B. Frazer on October 19, 2019. Mr. Frazer represents Natasha on appeal.

Josh objected that the increased cost was unreasonable and requested the court set a reasonable amount to be split evenly between the parties. He also filed a motion to modify his child support obligation. Following a hearing, the family court entered an order implicitly denying Natasha's motion to enforce the settlement agreement and modifying Josh's child support obligation to $503 per month.

The court found that the increased health insurance cost, from $156.28 to $640.88, represented a material change in circumstances under KRS[2] 403.213 warranting a modification of child support. The court further found that the increased cost was not reasonable under KRS 403.211 and that there was no good cause to require Josh to pay more than the statute defined as reasonable. In calculating child support, the court gave Natasha a credit of $138 per month, representing 5% of her gross income, the maximum percentage allowed under the statute as reasonable cost for health care coverage. This appeal followed.

"The trial court is vested with broad discretion in the establishment, enforcement, and modification of child support." *Bjelland v. Bjelland*, 408 S.W.3d 86, 87 (Ky. App. 2013). "Accordingly, this court reviews child support matters under an abuse of discretion standard, *i.e.*, whether the decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (citation

---

[2] Kentucky Revised Statutes.

omitted). "[G]enerally, as long as the trial court gives due consideration to the parties' financial circumstances and the child's needs, and either conforms to the statutory prescriptions or adequately justifies deviating therefrom, this Court will not disturb its rulings." *Van Meter v. Smith*, 14 S.W.3d 569, 572 (Ky. App. 2000) (citation omitted).

As an initial matter, we must address the deficiency of Natasha's appellate brief. Her argument section fails to make "reference to the record showing whether the issue was properly preserved for review and, if so, in what manner" as required by RAP[3] 32(A)(4). We require a statement of preservation:

> so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.

*Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

"Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, [RAP 31(H)(1)]; or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citing *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)). Because

---

[3] Kentucky Rules of Appellate Procedure.

the record is small, and we have been able to determine Natasha's arguments were properly preserved, we will ignore the deficiency and proceed with the review.

Natasha's main contention is that the family court erred in failing to enforce the separation agreement to require that Josh pay one-half of the increased cost of health insurance. In essence, she argues the family court was bound by the terms of the parties' agreement. We disagree.

"[W]hile . . . parties are free to enter into a separation agreement to promote settlement of the divorce, the court still retains control over child custody, support, and visitation and is not bound by the parties' agreement in those areas." *Tilley v. Tilley*, 947 S.W.2d 63, 65 (Ky. App. 1997). Natasha cites *Nelson v. Ecklar*, 588 S.W.3d 872, 878 (Ky. App. 2019), in support of her argument, however, that case simply reflects that a court *may* enforce the terms of a separation agreement in child support matters, not that it *must*. In fact, in *Nelson* we rejected the argument that a marital settlement agreement governs in child support matters, noting that "it directly contradicts this court's reasoning in *Tilley* and would undermine the control family courts retain over child support, even when parties enter into agreements." *Nelson*, 588 S.W.3d at 877 (citing *Tilley*, 947 S.W.2d at 65).

The family court determined the increased health insurance cost was not reasonable and therefore declined to order the parties to provide health

insurance. KRS 403.211(7)(a) requires a parent to provide health coverage if accessible and reasonable in cost. "Reasonable in cost" means that the cost of coverage is less than or equal to five percent (5%) of the responsible parent's income. KRS 403.211(8)(a). Here, one-half of the increased health insurance cost ($320.44) is more than five percent of Josh's gross income ($4,250). Therefore, Josh was not required under the statute to pay the increased health care coverage cost.

KRS 403.211(8)(a) further provides that the court may order the parties to provide health care coverage that costs more than five percent of a parent's gross income if the parties agree or for good cause. The family court specifically found that Natasha leaving her long-term job with reasonable health insurance to take a job with an excessive health premium did not constitute good cause to require Josh to pay more than the statute defined as reasonable. The court's decision to not order Josh to pay health insurance costs above five percent of his gross income was not an abuse of discretion.

Natasha next argues the family court improperly modified the child support obligation based upon the change in insurance cost instead of a material change in incomes. However, "KRS 403.213 does not require there to be a change in either party s income before a trial court may modify an existing child support award." *Wiegand v. Wiegand*, 862 S.W.2d 336, 337 (Ky. App. 1993). The statute

merely requires "a material change in circumstances that is substantial and continuing." KRS 403.213(1). Here, the family court found that the increase in health care coverage cost constituted such a change. "Under KRS 403.213(2), a change in circumstances is rebuttably presumed to be substantial if application of the child-support guidelines (KRS 403.212) to the new circumstances would result in a change in the amount of child support of 15% or more." *Snow v. Snow*, 24 S.W.3d 668, 672 (Ky. App. 2000). Josh's previous child support obligation was only $560.00 per month, while his share of the increased health insurance cost would be $320.44. This is clearly a material change in circumstances under the statute. We find no error.

Finally, Josh has moved pursuant to RAP 11(B)(3)[4] for an award of attorney fees. RAP 11(B)(3) provides:

> An appeal or motion is frivolous if the court finds that it is so totally lacking in merit that it appears to have been taken in bad faith. If an appellate court determines that an appeal or appellate filing is frivolous, it may impose an appropriate sanction, including but not limited to . . . [a]warding just monetary sanctions and single or double costs to the opposing party[.]

We have emphasized that such sanctions "are appropriate only in egregious circumstances[.]" *Kenton County Fiscal Court v. Elfers*, 981 S.W.2d 553, 559

---

[4] Josh technically cites to CR 73.02(4); however, CR 73.02(4) was replaced by RAP 11(B)(3) effective January 1, 2023. Because the two rules are substantively similar, we apply RAP 11(B)(3).

(Ky. App. 1998). Having reviewed the record, we do not believe the appeal is so totally lacking in merit that bad faith can be inferred. Therefore, we decline to award attorney fees.

Based upon the foregoing, the order of the Crittenden Family Court is affirmed.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Robert B. Frazer
Marion, Kentucky

Christopher M. Stearns
Morganfield, Kentucky

BRIEF FOR APPELLEE:

Jennifer Sacharnoski Nelson
Princeton, Kentucky