Case 102.—ACTION BY LAURA H. MUTTER AGAINST JOHN F. MUTTER FOR A DIVORCE IN WHICH HE FILES A COUNTERCLAIM FOR DIVORCE.—Nov. 20.

## Mutter v. Mutter.

Appeal from Barren Circuit Court.
S. E. Jones, Circuit Judge.
From the judgment granting the husband a divorce and allowing the wife alimony, both parties appeal. Reversed.

1. Divorce—Malformation of Wife—Concealed from Husband—Fault of Wife—Avoids Alimony—Such malformation of the sexual organs of the wife as will prevent sexual intercourse is a ground of divorce of the husband, and where such fact was known to the wife at the time of her marriage, which knowledge she concealed from her husband, she was "in fault" in contemplation of the statute, and is not entitled to alimony.

2. Same—Surgical Operation—Resort to—Although in the opinion of physicians, the wife might by a surgical operation be enabled to fill her proper place, the husband was not required to resort to such means, and he can not be said to be in fault for refusing to live with her.

3. Counterclaim by Husband—Costs and Attorney's Fee—Liability of Husband—In an action by the wife for a divorce in which the husband files a counterclaim for a divorce from her, although she is shown to be in fault, the husband is liable for the costs of the action including a reasonable fee to her counsel.

W. L. PORTER for appellant. J. F. MUTTER.

We insist that the "fault" or cause for which the divorce was granted was the defect, blemish or malformation of the appellee which prevented sexual intercourse, and under the statute, the wife being held to be in fault, she was not entitled to any allowance for alimony. (Cottrell v. Cottrell, 24 Ky. L. R., 2417; 95 Ky., 286.)

Mutter v. Mutter.

HATCHETT & JAMES and LUTHER JAMES for appellee.

The questions presented are:

(1) Did the court properly overrule the demurrer to the petition? (2) Was it error to grant appellant a divorce upon his counterclaim? (3) If appellant was properly granted a divorce, was not appellee still entitled to alimony? (4) Was the allowance sufficient?

### AUTHORITIES CITED.

Ky. Statutes, Sec. 2121; Shrock v. Shrock, 4 Bush, 682; Evans v. Evans, 14 R., 628; Steele v. Steele, 16 R., 517; Zumbriel v. Zumbriel, 24 R., 590; 1 Bishop on Marriage & Divorce, Sec. baugh, 28 Am. Dec., 448; Payne v. Payne, 24 Am. St. Rep., 240; 89 Ala. 291; Kempf v. Kempf, 34 Mo. 211; Bascomb v. Bascomb, 25 N. H., 267; Griffin v. Griffin, 162 Ill., 368; Davis v. Davis, 86 Ky., 32; Newsome v. Newsome, 15 R., 801.

OPINION BY JUDGE LASSING—Reversing.

The parties to this litigation were married in August, 1904. They separated three days thereafter, and in June, 1905, the wife instituted this suit for a divorce from bed and board, and for alimony, the grounds relied upon being abandonment and failure to support. The husband answered, denying the allegations of the petition, and setting up a counterclaim, seeking an absolute divorce on the ground of such malformation on the part of the wife as to prevent sexual intercourse. On these pleas issues were joined, proof taken, and upon final hearing, the trial court adjudged the husband entitled to the relief sought in his counterclaim, and granted him a divorce from his wife, Laura H. Mutter, and further adjudged that he should pay to her $335 alimony, and the cost of the proceeding, including $75 attorney's fee allowed to her attorney. From this judgment, both parties appeal.

The proof shows that the appellee was a woman of mature years, more than 40 years of age; that appel-

lant was a widower, some years her senior; that they lived together but three days, when he took her home to her nephew's, and left her there, alleging that she was not a natural woman, and that he had been deceived and defrauded into marrying her. It is further shown that appellee was not a naturally, or normally, formed woman, but that the opening in the hymen was abnormally small, so much so that it amounted to malformation; 'that in her condition it was impossible for her to have had sexual intercourse; in fact, the condition of the hymen was such that it even prevented perfect menstruation. These facts were known to her before marriage, but she did not acquaint appellant with them. The physicians who testified in the case say that, through the aid of medical science, appellee might be enabled to fill the proper place of a wife, but on this point they are not entirely certain that a perfect result could be obtained, either by dilatation or by the use of the knife. Appellant declined to resort to the means suggested by the physicians, and declined to live with appellee.

We are of opinion that appellant was not required, or called upon, to resort to surgery in order to construct a wife. He had a right to expect to find his wife of natural build and proportion, and, when such malformation existed as would, and did, prevent sexual intercourse, and this fact was concealed from him by appellee until after marriage, appellant was entitled to the decree granted. He was in no wise at fault, but the fault was wholly with the wife. She deceived appellant into marrying her by concealing from him her true physical condition. The word "fault" as used in the statutes means more than a wrong—an error—a deviation from the rules of propriety; it means, also, a defect, or blemish, or impairment of excellence, and it is in this latter sense that the appellee was in fault, and, being in fault, she was not enti-

tled to alimony. The husband should not be made to
suffer because of the wrong or fault of the wife, and
this court has never held in any case where a divorce
was granted the husband because of some fault on
the part of the wife that the wife should receive ali-
mony at the hands of the wronged or injured husband.
In the case of Newsome v. Newsome, 25 S. W. 878, 15
Ky. Law Rep. 801, the court said: "Either may sue
for, and obtain a divorce by simply alleging and prov-
ing the fact that they have lived apart without any
cohabitation for five consecutive years, no judicial
investigation respecting cause of separation nor in-
quiry as to who is in fault in meaning of the statute
being required in order to determine the right to
divorce." And continuing, the court said: "It seems
to us, giving the statute a reasonable construction, the
husband is required, in a case like this, to pay costs of
each party, without inquiring whether the wife is in
fault." And again, in this same case, the court said:
"It seems to us equally manifest that the provision of
the statute denying alimony to the wife except 'on a
divorce obtained by her' was intended to apply in that
class of cases where a divorce obtained by the hus-
band involves fault of the wife, not in cases like this,
where, as either may maintain the action, it is not a
material or legitimate inquiry in determining the
right, who is in fault." Thus it will be seen that in
the Newsome Case the ground upon which the divorce
was granted was the five-year statute, and, there
being no inquiry in that case as to who was in fault,
the court properly held that, in the absence of any
showing as to who was in fault, a reasonable alimony
would be allowed the wife. But it is also clearly indi-
cated in said case that, where it is necessary in order
to grant the divorce to show that one or the other
party is in fault, it is the invariable rule of this court
that, where the wife is shown to be in fault, no ali-
mony is allowed.

Until the decree is granted the husband is liable for the debts of the wife, and this court has held, in any number of cases, that the costs contracted in the prosecution of her suit for divorce, including a reasonable fee to her attorney for his services, are properly adjudged against the husband, and, from an examination of the record in this case, we are of opinion that the fee allowed, to wit, $75, is not excessive.

It being shown in this case that the wife was in fault, and but for such fault on her part no decree of divorce could have been granted, the trial court erred in allowing any alimony whatever to appellee.

The judgment is reversed and cause remanded, with direction for further proceedings consistent with this opinion.