## Belknap v. Belknap et al.

(Decided June 19, 1936.)

(As Modified on Denial of Rehearing Oct. 20, 1936.)

412

J. BALLARD CLARK, R. P. HOBSON and WOODWARD, DAW-SON & HOBSON for appellant.

W. W. CRAWFORD and SANFORD HEADLEY for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming in part and reversing in part.

The appellant, W. B. Belknap, asked a divorce from the appellee Mrs. Helen S. Belknap upon the ground of abandonment for one year. Section 2117, Kentucky Statutes. The answer was a traverse, and, by counterclaim, a divorce was asked by the defendant on the ground that the plaintiff's treatment indicated a settled aversion to her and had permanently destroyed her peace and happiness. Each party asked for the custody of the children. The plaintiff alleged that the defendant had an independent income, but stated he was willing to make provision for her comfortable support and maintenance by agreement and to assume the expense of maintaining, and educating the children. The defendant prayed judgment for alimony and maintenance in a large sum and her costs, including an attorneys' fee. The trial court denied each party a divorce, and dismissed the petition and the counterclaim, except to award the defendant a recovery of her costs, including a fee of $2,000 for her attorneys. Only Mr. Belknap appeals. There is no cross-appeal.

The court concludes the defendant technically abandoned the plaintiff and that he is entitled to a judgment of divorce upon that ground.

The evidence, we think, establishes both parties to be proper and suitable to have the custody of the three children. Both are devoted to them and have exhibited great solicitude for their well-being and development. Where that is the case, each should be given the right of custody and care as nearly equal as is practical and compatible with the convenience and welfare of the chil-

dren. In the present circumstances, it seems to us that the mother should be given the custody during the school year, and the father during their vacation periods, provided that, when in the custody of one of them, the other should have the privilege of visiting the children under reasonable and proper arrangements consistent with their welfare. In the absence of an agreement of the parties respecting these matters, the chancellor should establish the proper and necessary arrangement and alter the judgment as to the custody of the children from time to time as conditions may make it wise. In case of disagreement of the parents as to where the children shall attend school, the matter will be submitted to and determined by the chancellor.

We are of opinion that the plaintiff should make suitable financial provision for the defendant and for the maintenance and education of the children. It would seem that the parties may be able to agree upon this matter. If they cannot, the chancellor upon this record or other proof that may be presented should adjudge reasonable and suitable financial provisions.

The amount of attorneys' fee allowed the defendant's counsel is not questioned, but it is argued that no fee should be taxed against the plaintiff as part of the costs of the action. The defendant has a limited income and some nonproductive property, while the plaintiff is a wealthy man. The statute, section 900, provides that in suits for alimony and divorce the husband shall pay the entire cost unless it shall be made to appear that the wife is in fault and has ample estate to pay the same. We construed this statute in Luttmer v. Luttmer, 143 Ky. 844, 137 S. W. 777, to mean that, though the wife may be in fault, if she was not possessed of such ample estate as to enable her to pay the costs of the action, she is entitled to recover from her husband costs incurred by her, including an attorney's fee. See Mutter v. Mutter, 123 Ky. 754, 97 S. W. 393, 30 Ky. Law Rep. 76, 124 Am. St. Rep. 381; Sanders v. Sanders, 184 Ky. 119, 211 S. W. 425; Kreiger v. Kreiger, 194 Ky. 812, 241 S. W. 828. Considering the whole situation and the disparity in the two estates, we conclude the court properly awarded the defendant judgment for her costs and counsel fees.

Accordingly, in so far as the judgment awards the

fee and costs to the defendant, it is affirmed. To the extent that it denies the appellant a divorce, it is reversed, and the case is remanded for consistent proceedings.

Whole court sitting.