**Curtis HATFIELD et al., Appellants,**

**v.**

**Joe Wheeler JARRELL et al., Appellees.**

Court of Appeals of Kentucky.

May 3, 1968.

Rehearing Denied Nov. 29, 1968.

Paul E. Hayes, Burnis Martin, Prestonsburg, for appellants.

Joe Hobson, Prestonsburg, for appellees.

OSBORNE, Judge.

The question before the court in this proceeding is the effect to be given a joint and mutual will executed by Jesse Hatfield and his wife, Cynthia Hatfield. The facts pertaining to the issue are as follows:

On November 30, 1940, Jesse and Cynthia Hatfield signed a joint and mutual will under the terms of which they provided that the survivor of them would have a life estate in all of the property that each of them owned, and upon the death of the one surviving, the property would pass to Leroy Combs who would attend to it and see that each of the parties was properly and respectfully buried and that their graves were properly marked according to their station in life. Jesse Hatfield died on July 12, 1942. At the time of his death and at the time of the execution of the will he and Cynthia Hatfield owned three tracts of land jointly without the benefit of survivorship. Without going into further detail concerning the transactions detailed in the record, we believe it will suffice to say that after the death of Jesse Hatfield and after the probate of the will, his widow Cynthia Hatfield married and executed a deed to the property jointly owned by the parties.

The question presently before the court is whether or not the marriage had any effect upon the will and whether or not the deed effected a transfer of Cynthia Hatfield's interest in the property. We are of the opinion that both propositions will have to be answered in the negative. The will executed by Cynthia and Jesse Hatfield was a joint and mutual will. It was apparent from the face of the instrument that the parties had reached an understanding between themselves prior to the execution of the will as to the joint disposition of their property and the reciprocal provisions of the will itself are sufficient proof that each of the parties executed the will in consideration of the other's execution. Watkins v. Covington Trust and Banking Co., 303 Ky. 644, 198 S.W.2d 964; 57 Am.Jur., Wills, § 731.

Appellee has called our attention to Arndell v. Peay, Ky., 411 S.W.2d 473. We do not consider the opinion herein to be in conflict with that case. There the parties executed separate wills containing reciprocal or similar provisions but not in any way referring each to the other. That case was distinguished from Boner's Administratrix v. Chesnut's Executor, Ky., 317 S.W.2d 867, specifically because of the fact that the wills did not refer each to the other. On appellant's second contention we have previously held that a second marriage has no effect upon a joint will after the death of one of the parties, because "it is the contract and not the will, which could not be revoked." Boner's Administratrix v. Chesnut's Executor, supra.

Appellees further argue that a good faith conveyance of one's property is not precluded even where the property is held subject to a joint will. This principle cannot be invoked in the present case, because the conveyance to Joe Wheeler Jarrell cannot in any way be called one made in good faith. It was an open and patent effort to avoid the operation of the will.

The judgment of the trial court must be reversed to the extent that it holds that anything passed by the conveyance from Cynthia Hatfield to Joe Wheeler Jarrell.

The judgment is reversed.

WILLIAMS, C. J., and EDWARD P. HILL, MILLIKEN, MONTGOMERY and PALMORE, JJ., concur.