**John R. MARTIN, Individually and as named Executor in the original will of W. C. Martin; Jo Ann Lile, heir of W. C. Martin; and Frances Froedge, heir of W. C. Martin, Appellants,**

v.

**Thelma Hortense CASSADY, Appellee.**

Court of Appeals of Kentucky.

Feb. 26, 1982.

Robert L. Dowell, Greensburg, Herbert B. Sparks, Edmonton, for appellants.

Bobby Richardson, Glasgow, for appellee.

Before HAYES, C. J., and HOWERTON and VANCE, JJ.

VANCE, Judge.

This case requires an interpretation of KRS 394.540, enacted in 1972, which provides as follows:

(1) A contract to make a will or devise, or not to revoke a will or devise, or to die intestate, if executed after June 16, 1972, can be established only by:

(a) Provisions of a will stating material provisions of the contract;

(b) An express reference in a will to a contract and extrinsic evidence proving the terms of the contract;  or

(c) A writing signed by the decedent evidencing the contract.

(2) The execution of a joint will or mutual will gives rise to no presumption of a contract not to revoke the will or wills.

After the enactment of the statute W. C. Martin and his wife, Virgie Martin, executed a joint will which provided in material part as follows:

LAST WILL AND TESTAMENT OF W. C. MARTIN AND VIRGIE MARTIN, HIS WIFE

I, W. C. Martin, and I, Virgie Martin, of Edmonton, Metcalfe County, Kentucky, and each of us being of sound mind and memory, do make, publish and declare this to be our last Will and Testament hereby revoking any and all wills that are heretofore made by us, or by either of us.

ARTICLE I

It is the will and desire of each of us and both of us that all our just debts and funeral expenses be paid as soon as practicable after the time of the death of either of us.

ARTICLE II

It is the will and desire of each of us and each of us does hereby devise and bequeath upon the death of either of us all the property of the deceased, whether real or personal, and wheresoever situated, to the surviving party of the use and benefit during the lifetime of the survivor, however, with the right of the survivor if he or she so desires to dispose of any property as he or she may see fit, and use the proceeds thereof for his or her benefit and enjoyment.

ARTICLE III

At the death of the survivor of us each of us orders, directs and empowers our Executor to sell at public auction, any and

all remaining realty and personalty and after satisfaction of all indebtedness, costs of administration and taxes we, and each of us, will and bequeath the proceeds as follows:

(1) to Frances Martin Froedge   One-third (⅓)
(2) to Hortense Cassady   One-third (⅓)
(3) to Johnny Martin   One-sixth (⅙)
(4) to Jo Ann Lile   One-sixth (⅙)

### ARTICLE IV

Each of us does hereby make, nominate and appoint Johnny Martin as the Executor of this our Last Will and Testament.

Upon the death of Virgie Martin the joint will was probated as her last will and testament. After her death, W. C. Martin executed a codicil which changed the executor of the will. At his death the joint will and codicil was probated and the new executor named in the codicil was qualified and sworn to administer the estate.

The trial court ruled that W. C. Martin, the surviving spouse, could alter the terms of the joint will because it did not meet the conditions imposed by KRS 394.540 for proof of a contract not to revoke.

Prior to the enactment of the statute our courts have uniformily held that a joint or mutual will could not be altered by the surviving spouse to deprive a beneficiary thereunder of property devised to him by the will. *Hatfield v. Jarrell*, Ky., 433 S.W.2d 346 (1968); *Watkins v. Covington Trust and Banking Co.*, 303 Ky. 644, 198 S.W.2d 964 (1947). This was based upon a holding that mutual and reciprocal provisions of a joint will are, in themselves, sufficient proof that each party executed the will in consideration of the other's execution of it, in other words, a contract.

It is contended that KRS 394.540 only provides the requirements for proving a contract existed but does not alter previous law as to what constitutes a contract. Thus it is contended that, if before the statute mutual and reciprocal devises were on their face sufficient to constitute a contract, they are still sufficient and KRS 394.540 is complied with if the will states the material reciprocal provisions.

We must assume that a legislative act was intended for some purpose. The construction of the statute as advanced by appellant would render the statute ineffective for any purpose. We interpret the statute to mean that no longer will mutual or joint wills be considered to constitute an irrevocable contract unless the will by its terms states plainly that its provisions are to be considered as a contract, or unless the conditions of subsections (b) and (c) of the statute are met. Subsection 2 of the statute which provides that the execution of a joint or mutual will gives rise to no presumption of a contract not to revoke is not susceptible of any other interpretation.

Appellant also contends that W. C. Martin was mentally incompetent to execute the codicil and that it was executed because of undue influence. We cannot say that the decision of the trial court on these matters, considering the often contradictory nature of the evidence, was clearly erroneous.

The judgment is affirmed.

All concur.