James Vivian **MUNDAY**, et al., Movants,

v.

O'Banion H. **MUNDAY**, et al., Respondents.

Supreme Court of Kentucky.

March 21, 1985.

James L. Mattingly, Springfield, for movants.

Morris Butler, Greensburg, for respondents.

STEPHENSON, Justice.

The trial court held that a joint will prevailed over a survivorship deed. The Court of Appeals reversed. We granted discretionary review and reverse the Court of Appeals.

H.E. and Nancy Munday owned a farm as joint tenants with right of survivorship. In 1960 they executed joint wills which devised the estates of each to the survivor, and upon the survivor's death the farm was devised to a son, James Munday.

H.E. Munday died in 1965, and his estate, including the farm, went to Nancy Munday. In 1978 Nancy Munday executed a deed conveying the farm to her four children equally. Subsequently, Nancy died and suit was filed to settle her estate. The trial court declared the deed null and void and ordered the farm distributed to James Munday according to the terms of the joint will. The Court of Appeals held that the farm was owned by a survivorship deed, and thus it did not pass through the estate but rather passed to Nancy Munday by operation of law. The survivorship status, according to the Court of Appeals, prevails over the terms of the joint will.

We have examined the authorities cited by both parties and find nothing in this jurisdiction on all fours with this situation. There is a multitude of cases holding that a joint will is a binding contract becoming irrevocable upon the death of one of the testators. There is also an abundance of authority that with a survivorship deed there is automatic devolution to the surviving party by operation of law. The difficulty is that none of the authorities are helpful here, where both principles are intertwined.

We are of the opinion that in this state of facts the joint will prevails over the survivorship clause.

 At the time of the execution of the joint will, H.E. Munday and Nancy Munday knew that they held the farm under a survivorship deed. With this knowledge, they executed the joint will, and upon the death of H.E. Munday, Nancy Munday lost the power to devise the farm in any manner other than dictated by the terms of the joint will. The expressed desire of the parties to the joint will prevails over what would ordinarily be devolution by operation of law.[1] The disposition we reach is what the parties intended. We apply an ancient Maxim of Equity. Equity regards as done that which ought to be done.

The decision of the Court of Appeals is reversed.

All concur.

---

1. KRS 394.540, effective date after execution of     joint will, hence not considered.