Mary Ann WELSH and Marlin
Robison, Appellants,

v.

Carl ROBISON and Nannie Teeters; the
Estate of James E. Robison, Deceased;
Donna Jean Russell; Janet Moon; Judy
Robison; Joanne Lado; David Robison;
Marie Sharp; J.C. Barrow; Jess H. Ro-
bison; Curtis E. Robison; Kermit Robi-
son; James M. Robison; Frances Car-
render; and Balmer White, Appellees.

Court of Appeals of Kentucky.

Jan. 17, 1986.

Max B. Harlin, III, Michael K. Bishop,
Harlin, Parker & Rudloff, Bowling Green,
for appellants.

S. Frank Smith, Jr., Funk & Smith, John
M. Milliken, Wade T. Markham, II, Milliken
& Milliken, John R. Grise, Bowling Green,
for appellees.

Before HAYES, C.J., and HOWARD and
WHITE, JJ.

WHITE, Judge.

Appellants appeal a Warren Circuit
Court Order directing the District Court to
accept for probate the Will of James E.
Robison. We affirm.

In a nutshell, the salient facts are as
follows. On September 22, 1980, James
Robison executed his Last Will and Testa-
ment. He added a codicil on October 9,
1980. On August 18, 1982, Robison and his
wife were granted a divorce. Robison died
on February 20, 1983.

At the time Robison made his Will, Ken-
tucky statutory law provided that divorce
revoked all Wills. KRS 394.095. In 1980,
that particular statute was amended so as
to protect the integrity of such Wills in
cases where they provide a power of ap-
pointment which, if left unexercised, would
cause the estate to pass from the rightful
heirs, or in cases where the spouse made
no bequest or devise to his former spouse.
The statute was ultimately repealed in
1982. At the same session, the Legislature
enacted KRS 394.092, which, in brief, pro-
vides that a Will made by a party later
divorcing his spouse was revoked only with
respect to any provisions in the Will re-
garding that spouse. That statute, how-
ever, applied only to Wills executed on or
after July 15, 1982. KRS 394.092(2). Also
enacted during that session was the follow-
ing statute:

KRS 394.080. *Revocation of will—How
effected.*—No will or codicil, or any part
thereof, shall be revoked, except:

(1) As provided in KRS 394.090; [mar-
riage]

(2) By subsequent will or codicil;

(3) By some writing declaring an inten-
tion to revoke the will or codicil, and

executed in the manner in which a will is required to be executed; or

(4) By the person who made the will, or some person in his presence and by his direction, cutting, tearing, burning, obliterating, canceling, or destroying the will or codicil, or the signature thereto, with the intent to revoke.

This statute, as well as KRS 394.092, was in effect at the time of Robison's death. The appellants argue that KRS 394.095, which revoked all Wills of persons who later divorced, should apply to the Will of Mr. Robison and revoke it. In support of this argument, they contend that the repealing of that statute in 1982, coupled with the enactment of the partial revocation statute, KRS 394.095, left a void in the law regarding Wills executed prior to 1982 by persons who were later divorced. We do not agree.

It is a long-standing rule of law in this state that a Will speaks at the time of the death of the testator. *Gibson v. Crawford*, 247 Ky. 228, 56 S.W.2d 985 (1933). In order to determine which statutes control Mr. Robison's will, it is then necessary to look to the law in effect at the time he died. KRS 394.095, which provided that divorce revoked all Wills, was repealed prior to Robison's death, so it has no effect on the document. Likewise, KRS 394.092, which provided for partial revocations, operated only on Wills executed after July 15, 1982. We must then look to KRS 394.080 for guidance. It is clear that under no section of that statute did Robison revoke his Will. Therefore, the Warren Circuit Court was correct in its finding that the Will was not revoked.

We do not find appellants' argument wholly without merit; however, we would merely point out that they cited no case or statutory law to us which would support their interpretation of the circumstances surrounding this case.

We find no abuse of discretion in the actions of the Warren Circuit Court and therefore affirm.

All concur.