**Judy C. STEVENS (now Robinson), Movant,**

v.

**Donald STEVENS, Respondent.**

**No. 89–SC–216–DG.**

Supreme Court of Kentucky.

Sept. 27, 1990.

Rehearing Denied Nov. 29, 1990.

Paul R. Boggs, III, Gordon H. Hood, Strauss & Troy, Covington, for movant.

Bernard J. Blau, A.J. Jolly, Jolly & Blau, Newport, for respondent.

STEPHENS, Chief Justice.

The primary issue we consider on this appeal is whether, under the terms of a specific property settlement agreement, a father is obligated to provide a college education for his daughter. Both the circuit court and the Court of Appeals answered the question in the negative. We disagree, and reverse.

On December 22, 1978, the Campbell Circuit Court entered a judgment dissolving the marriage of the parties to this appeal. That judgment incorporated the terms of a property settlement agreement previously entered into by the parties.

Section II(C)(3) of the agreement is as follows:

"(3) DAUGHTER'S COLLEGE EDUCATION. *HUSBAND hereby declares his intention to provide and pay for a four-year undergraduate college education for Elizabeth, including tuition, books, room, board and proper related expenses;* however, the amount and nature thereof shall hereafter be mutually agreed upon by HUSBAND and Elizabeth." (Emphasis added.)

Elizabeth, the only child of the parties, was a minor at the time the agreement was executed. Upon finishing high school she was accepted at Northeastern University in Boston, Massachusetts. Respondent, who is both a physician and an attorney, performed the required medical examination for his daughter and completed all medical forms supplied by the university. Yet, when the time came to pay "tuition, books, room, board and proper related expenses," respondent declined.

The procedural history is as follows. On July 15, 1986, movant filed a motion against respondent to show cause why he should not be held in contempt of court for his failure to comply with the above-quoted provision of the property settlement. The matter was referred to the Master Commissioner. Following a hearing, the Master Commissioner found that the respondent and Elizabeth failed to agree as to her attending "Northeastern University or any other college or university," as required by the provision quoted above. Based on this fact, and this fact only, the Master Commissioner recommended that the show-cause motion be overruled. In the order, the Master Commissioner specifically stated that he "makes no finding whatsoever as to the legality or enforceability of Paragraph II(C)(3) ... since same is unnecessary to dispose of ... [the] motion." The trial court adopted and confirmed the Commissioner's report.

On December 23, 1986, movant filed a motion for a declaration of rights in the trial court pursuant to KRS 418.040, KRS 418.045, and CR 57, seeking an order "declaring the rights of the parties under Section II(C)(3) of the Separation and Property Settlement Agreement." The reason for this motion was that in the contempt proceeding, the Master Commissioner and the trial court did not rule on the legality of the questioned section of the property settlement agreement.

The trial court, in an order dated February 12, 1987, overruled the motion, stating that no actual controversy existed because "[t]here was no showing that the husband had refused to undertake the expense of a college education at a state supported university within the Commonwealth or any other school except Northeastern University in Boston, Massachusetts."

Persisting, movant filed a second motion for a declaration of rights on April 16, 1987. Again, the relief sought was an order declaring the rights of the parties under the questioned section of the property settlement agreement. On May 13, 1987, the trial court decided the issue of the legality of the agreement:

"The choice of language utilized in the paragraph in question is unfortunate perhaps in that the petitioner [husband] stated his intention to provide an agreement to be reached at a later time. An intention to agree is not an agreement. It is true that the petitioner [husband] apparently desired at the time of executing the separation agreement to provide for his daughter's education; it is likewise true that he expressed an intent to reach an agreement for doing so; but the fact still remains that he did not reach such an agreement and that, at most, this can be characterized as an intention to agree to something in the future. Such language does not constitute an enforceable contract. The Master Commissioner has so recommended previously and the Court has previously adopted that recommendation and finding of the Master Commissioner.

"We find, therefore, that this matter has been argued and determined previously with the Finding being that there was not an enforceable contract. We again find that there is no enforceable contract. As a result, the motion for Declaration of Rights is overruled."

In spite of the trial judge's statements, no determination as to enforceability was made by him or his Master Commissioner until the order dated May 13, 1987.

Movant appealed this decision to the Court of Appeals, which affirmed the trial court. That court declared that the questioned provision was only an agreement to agree and could not constitute a binding contract. We granted discretionary review.

Movant argues, alternatively, that the subject clause is not an "agreement to agree," and even if it were, it is enforceable. Given that the clause is enforceable, movant argues that respondent must pay for an education that "compliments" her daughter's abilities. Respondent posits that the clause is an unenforceable "agreement to agree." Moreover, he argues that the movant has no standing to sue and that the lawsuit is improperly before the Court because the decisions of the trial court in the contempt proceeding and in the first declaration of rights matter decided the issue and were *res judicata.*

We will dispose of the two latter contentions of respondent first.

■ Respondent argues that the movant is not the "real party in interest" in this action. CR 17.01 states that "a person with whom or in whose name a contract is made for the benefit of another" may bring an action without joining the party for whose benefit it is prosecuted. Respondent concedes that it appears the movant fits this definition, but argues that the rule does not apply because the provision in question is not a contract but an expression of intent. Whatever the status of the provision, however, it is contained in a contract, and therefore the movant is certainly the person "in whose name a contract is made for the benefit of another."

■ Respondent then argues that the movant does not have standing to sue because she will suffer no legal injury, regardless of his conduct in this matter. We disagree. The requirement of standing is satisfied if it can be said that the plaintiff has a real and substantial interest in the subject matter of the litigation. *Rose, et al. v. Council for Better Education, Inc., et al.*, Ky., 790 S.W.2d 186, 202 (1989). The question of standing is one that is to be decided on the facts of each case. *Id.* In the case at bar, movant and respondent entered into a contract. An integral part of that contract was the father's agreement to provide a college education for his daughter. The movant, as promisee, has standing to sue the respondent as promisor for breach of a contract for the benefit of Elizabeth, the third-party beneficiary. J. Calamari and J. Perillo, *Contracts* § 17–14 (3rd ed. 1987); *Restatement (Second) of Contracts* § 305 (1981). Therefore, we conclude that in this case the movant has standing to sue.

■ Respondent next argues that the movant litigated the question of enforceability three times before the circuit court, and that therefore the decisions of the circuit court are *res judicata.* The record shows that the *res judicata* issue was decided adversely to the respondent in the Court of Appeals, and his failure to file a cross-motion for discretionary review precludes review in this Court. *Commonwealth Transportation Cabinet Department of Highways v. Taub*, Ky., 766 S.W.2d 49, 52 (1988); CR 76.21.

We now address the issue for which discretionary review was granted—is the challenged clause enforceable? A majority believes the answer is "yes."

Respondent argues that the clause in question constitutes an "agreement to agree" and as such is unenforceable. Assuming that the clause is merely an "agreement to agree," as respondent claims, we do not believe that this label in this case renders the clause unenforceable.

An agreement to agree in the context of leases was discussed in *Walker v. Keith*, Ky., 382 S.W.2d 198 (1964). The parties in *Walker* entered into a lease agreement that specified both the term and the monthly rent. The lease contained an option for renewal, which provided that "rent would be fixed in such amounts as shall actually be agreed upon by the lessors and lessee." *Id.* at 199. In determining whether the provision for renewal was binding, the Court stated that "[t]he degree of certainty is the controlling consideration." *Id.* at 200. The Court also quoted with approval the following passage from *Am.Jur.*: "[t]he certainty that is required [in renewal provisions] is such as will enable a court to determine what has been agreed upon." *Id.* In *Walker*, the Court held that the language of the renewal option created an unenforceable agreement to agree due to lack of certainty as to monthly rent, and stated that the subject matter of the case was not of such an exceptional character as to justify an exercise of the court's powers of equity. *Id.* at 201. We find the circumstances of the case at bar more compelling.

■ We believe that in this case, where the respondent's intent to provide his daughter with a four-year undergraduate education is clear, equity demands that the respondent be required to pay some amount. *See Munday v. Munday*, Ky., 687 S.W.2d 143, 144 (1985). The trial court should conduct a hearing to determine the extent of the respondent's financial obligation. *See Belknap v. Belknap*, 265 Ky. 411, 96 S.W.2d 1012 (1936). The trial court should consider the reasonable needs of the child, and the respondent's ability to pay.

This case is reversed and remanded to the trial court for proceedings in conformity with this opinion.

COMBS, LAMBERT, LEIBSON and VANCE, JJ., concur.

WINTERSHEIMER, J., dissents in a separate dissenting opinion in which GANT, J., joins.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because the circuit court and the Court of Appeals were correct in determin-

ing that the provision of the separation agreement was merely an agreement to agree and therefore unenforceable pursuant to *Walker v. Keith,* Ky., 382 S.W.2d 198 (1964).

The pertinent part of the agreement relating to the college education of the daughter is as follows:

> however, the amount and nature thereof shall *hereafter be mutually agreed upon by the Husband and Elizabeth* (emphasis added.)

There could be no clearer statement of only an agreement to mutually agree.

The wife argues that it is difficult to draft a specific contract provision relating to post secondary education when the scholastic aptitude of the child as well as future tuition costs are unknown at the time of the divorce. Although this may be true, there are ways of drafting such agreements to make them binding which was not done in this case. A large number of cases on all aspects of the college education question are compiled in *Responsibility of Noncustodial Divorced Parents to Pay for or Contribute to, Costs of Child's College Education,* 99 A.L.R.3d 322.

This agreement merely states the "father's intention" to pay for college upon the mutual agreement of the father and the daughter at a later time. The circuit court and the Court of Appeals did not err in finding this to be an unenforceable agreement to agree.

*Walker, supra,* dealt with a lease renewal option but the Court specifically determined that such an option stands on the same footing as any other contractual right. To be enforceable and valid, a contract to enter into a future covenant must specify all material and essential terms and leave nothing to be agreed upon as a result of future negotiations. *Johnson v. Lowery,* Ky., 270 S.W.2d 943 (1954); *also see National Bank of Kentucky v. Louisville Trust Co.,* 67 F.2d 97 (6th Cir.1933).

*Belknap v. Belknap,* 265 Ky. 411, 96 S.W.2d 1012 (1936), is not applicable to this case because it held that a Court could exercise continuing jurisdiction in terms of regulating child custody. Clearly parents are obliged to provide for support and well being of minor children. No such legal duty exists for college education. A court should not impose such terms and conditions because there is no authority for such a duty on the part of the parents. The Indiana decision of *Rohn v. Thuma,* Ind. App., 408 N.E.2d 578 (1980) is not similar to this case because there the father did agree to provide a college education for his children. In this case, no such agreement existed.

In the absence of contract language to the contrary, the court should not impose a different burden than *Miller v. Miller,* Ky., 459 S.W.2d 81 (1970) requires. *Miller, supra,* held that a father could not be required to pay for private, elementary or secondary schools in the absence of a showing that the county's public schools were inadequate. It should be noted that the 1988 amendments to K.R.S. 403.210, which lists relevant factors in setting child support payments, the educational needs of the child, including the need of a child who has attained the age of 18 years or older relates to a student enrolled on a full-time basis in high school. Clearly the legislature has recently considered the obligation of a parent to provide an education to a child over 18 and has limited that obligation to high school. The 1988 amendment leaves no doubt that the obligation to pay for college education is contractual only.

Obviously, there is a great potential for mischief in this opinion because the interpretation of separation agreements which requires the husband to pay for four-year college, obligates the father to pay tuition for a possibly expensive private school selected by the child rather than a state university or college located near the home. The economic impact is of considerable importance in determining the fairness of the separation agreement or property settlement.

There is no reason to depart from the well settled law in this state which requires that any contract, including those involving support and separation, be specific as to all material and essential terms, and leaves

nothing to be agreed upon as the result of future negotiations.

I would affirm the circuit court and the Court of Appeals.

GANT, J., joins in this dissent.