June Rose WINEBRENNER
(now Tyndall), Movant,

v.

Susan J. DORTEN, Administratrix of the Estate of William A. Hazelip, Jr., Deceased; Susan J. Dorten, Individually; William A. Hazelip, III; Michael P. Hazelip, and Robert J. Hazelip, Respondents.

No. 90–SC–842–DG.

Supreme Court of Kentucky.

Dec. 19, 1991.

As Modified on Denial of Rehearing
April 9, 1992.

James K. McCrorey, Homer Parrent, III, Louisville, for movant.

Ruth H. Baxter, Berry & Flood, P.S.C., Carrollton, for respondents.

SPAIN, Justice..

June Rose Winebrenner (now Tyndall) appeals from a decision of the Court of Appeals holding that the will of her former husband, William A. Hazelip, was revoked by implication of law, thus voiding its bequest to her. We affirm.

Movant Winebrenner and the testator were married, each for the second time, on August 28, 1980. Some three months later, on December 4, 1981, they each executed a mutual will. Mr. Hazelip's will bequeathed certain insurance benefits comprising approximately forty percent of his estate to his four children by his first marriage, the individual respondents herein, with the residue of his estate to his "wife, June R. Hazelip."

The parties were divorced on May 23, 1985, at which time the movant was restored to her former name, "Winebrenner." A full and complete property settlement agreement was reached with advice of counsel to both parties, and was incorporated in the decree. Pursuant thereto, Ms. Winebrenner executed a deed quitclaiming to Mr. Hazelip any interest she might have acquired in his premarital residence in exchange for maintenance. Ms. Winebrenner also received all personal property in her possession, an equal share of the cash accounts, and payment of her attorney's fees.

Approximately three years later, on April 4, 1988, Mr. Hazelip died. Neither party at that time had remarried nor revoked his or her will by any express writing. Ms. Winebrenner, who has since remarried, instituted a declaratory judgment action in the Jefferson Circuit Court. The trial court, in granting summary judgment, relied upon the Court of Appeals decision in *Welsh v.*

*Robison,* Ky.App., 702 S.W.2d 455 (1986), and held that the will of Mr. Hazelip had not been revoked by implication or operation of law. The respondents then appealed to the Court of Appeals, which reversed.

In reversing the trial court, the Court of Appeals distinguished the *Welsh* case, found that Ms. Winebrenner could not claim under her former spouse's will since at his death she was neither his "wife" nor "June R. Hazelip," and finally found that the will was revoked by operation of law as a result of the divorce and complete property settlement.

We believe that the Court of Appeals reached a fair and correct result. Our decision to affirm its holding centers on the construction and interpretation of those provisions of Chapter 394 of the Kentucky Revised Statutes dealing with the revocation of wills by subsequent divorce.

In 1970, the General Assembly enacted KRS 394.095, which provided that, with an exception not relevant here, the divorce of a testator revoked every will executed by him before the divorce. Subsequently, by amendment effective on July 15, 1980, an additional exception was added to save a will from such revocation if it made no bequest or devise to a former spouse.

In *Morse v. Alley,* Ky.App., 638 S.W.2d 284 (1982), it was held that this statute was applicable not only to all wills executed *after* the 1970 effective date of the statute, but also to all wills executed before such effective date whose makers survived the statute. Furthermore, since there was nothing in the statute stating otherwise, it was held that the *entire* will was revoked, not just the bequest to the former spouse of the testatrix.

Less than a month before the *Morse* case was rendered, the 1982 General Assembly passed another version of or amendment to the revocation-of-wills-by-divorce statute. The amendment was designed to soften such a harsh result as occurred in the *Morse* case.

This amendment became effective on July 15, 1982, as KRS 394.092, and in essence provided that a divorce or annulment would revoke only that portion of a will which provided for a former spouse. It also provided for revivor of any such revoked provisions in the event of remarriage of the testator and the former spouse. A separate section of this Act directed that this amendment "shall apply to wills executed on or after the effective date of this section." Still a third section states that KRS 394.095 is repealed.

The trial court in this case held that Mr. Hazelip's December 1981 will was not revoked by his 1985 divorce since it was not executed after July 15, 1982, as required for KRS 394.092 to apply, and since KRS 394.095 was repealed as of that date. In so ruling as we noted above, the court relied upon *Welsh v. Robison, supra,* to the effect that there was a "statutory gap" as to wills executed before but not probated by July 15, 1982.

The opinion of the Court of Appeals correctly states, "To allow Hazelip's will to slip through a statutory gap would be to promote an absurd result, and to frustrate the legislative intent. We are to avoid absurd results in construing statutes. *George v. Alcoholic Beverage Control Board,* Ky., 421 S.W.2d 569, 571 (1967)."

Accordingly, in order to harmonize the July 15, 1982, effective date of the substitute revocation-of-will-by-divorce statute (KRS 394.092) with the repeal of the original statute (KRS 394.095), it is our holding that the General Assembly intended the repealer of KRS 394.095 to apply only as to those wills executed after July 15, 1982, when the new KRS 394.092 became controlling over them. To the extent that *Welsh v. Robison, supra,* is inconsistent herewith, it is expressly overruled.

We note that our view of the Legislature's intent as interpreted above is corroborated by the fact that the 1990 General Assembly once again amended the revocation-of-will-by-divorce statute by repealing, effective July 13, 1990, subsection (2) of KRS 394.092, which limited the application

of the statute to those wills executed on or after July 15, 1982.

We affirm the decision of the Court of Appeals holding that the will of William A. Hazelip, Jr., was revoked pursuant to KRS 394.095 by his divorce on May 23, 1985; reversing the judgment of the Jefferson Circuit Court; and remanding for entry of a consistent order.

All concur.