**Edward M. FRYXELL, Appellant,**

v.

**Judith Marie McGiveney CLARK; Richard Joseph Vowels, Individually; Richard Joseph Vowels, Executor, Flora C. McGiveney Estate; Roy Fryxell; Janice Sue French; Linda Diane Miller; St. Jude Children's Research Hospital; and the Juvenile Diabetes Foundation, Appellees.**

No. 92–CA–000543–MR.

Court of Appeals of Kentucky.

March 12, 1993.

Discretionary Review Denied by Supreme Court and Case Ordered Published June 23, 1993.

Daniel R. Fuller, Rogers, Fuller & Pitt, Louisville, for appellant.

Charles L. Cunningham, Jr., Louisville, for appellee, Judith Marie McGiveney Clark.

Neil A. Banks, Louisville, for appellees.

Roy Fryxell, pro se.

Janice Sue French, pro se.

Linda Diane Miller, pro se.

Before EMBERTON, SCHRODER and STUMBO, JJ.

STUMBO, Judge:

This appeal arises from a challenge to the will of Flora Catherine McGiveney (hereinafter "Flora"). The Jefferson Circuit Court ultimately granted summary judgment in favor of Appellee, Judith Marie McGiveney Clark (hereinafter "Judith"), holding that she was entitled to take under the joint will of her father, Albert Anthony McGiveney (hereinafter "Albert"), and her step-mother, Flora. We have reviewed the record and the law, and affirm.

Albert and Flora executed a joint will (hereinafter "joint will") on April 28, 1951. The will provided that all of their property would go to the survivor, and, upon the death of the survivor, all of the property would go to Judith Marie McGiveney (hereinafter "Judith"), who is Albert's child by a prior marriage, and to Janice Sue Vowels (Appellee, Janice Sue French) (hereinafter "Janice"); Linda Diane Vowels (Appellee, Linda Diane Miller) (hereinafter "Linda"); and Appellee, Richard Joseph Vowels (hereinafter "Richard"), who are Flora's children by a prior marriage.

Albert died on December 27, 1989. The joint will was probated on January 31, 1990, and Flora received approximately $100,000 as the sole beneficiary of Albert's estate.

On the same day Albert's estate was probated, Flora revoked all previous wills, and made a new will (hereinafter "Flora's will"). Flora's will provided that Janice, Linda, and Richard, as well as Appellant, Edward Fryxell (hereinafter "Edward"), and Roy Fryxell (hereinafter "Roy") would be the beneficiaries of the residue of her estate. Edward and Roy are also Flora's children by a prior marriage.

Flora died on December 11, 1990. Flora's will was offered for probate. Her estate was valued at almost $200,000. Thereafter, Judith filed suit on February 1, 1991, asserting that Flora's will was invalid, and she should take under the joint will.

The trial court initially granted summary judgment in favor of Judith on November 21, 1991, finding that the joint will was an irrevocable contract and as such gave a life estate to the survivor. Flora's will was declared null and void. On December 18, 1991, however, the trial court vacated its previous summary judgment since it wanted to reconsider its ruling in view of KRS 394.540. Thereafter, the trial court entered another summary judgment in favor of Judith, which is the subject of this appeal, on February 4, 1992. The trial court determined that KRS 394.540 did not affect the joint will which would be enforced.

The facts are undisputed, and the only issues are ones of law, which we may freely review. *See Steelvest, Inc. v. Scansteel Service Center*, Ky., 807 S.W.2d 476 (1991).

The controlling issue on appeal is whether KRS 394.540 applies to the joint will. The statute provides as follows:

(1) A contract to make a will or devise, or not to revoke a will or devise or to die intestate, if executed after June 16, 1972, can be established only by:

(a) Provisions of a will stating material provisions of the contract;

(b) An express reference in a will to a contract and extrinsic evidence proving the terms of the contract; or

(c) A writing signed by the decedent evidencing the contract.

(2) The execution of a joint will or mutual wills gives rise to no presumption of a contract not to revoke the will or wills.

KRS 394.540. Thus, the critical issue is whether the statute applies retroactively to the joint will which was executed in 1951. "No statute shall be construed to be retroactive, unless expressly so declared." KRS 446.080(3). There is no such declaration of retroactive intent in KRS 394.540. Moreover, the statute is limited in its application

to wills, and contracts regarding wills executed after June 16, 1972, which was long after the joint will was executed. *See Munday v. Munday*, Ky., 687 S.W.2d 143, 144 n. 1 (1985), wherein our Supreme Court noted that KRS 394.540 would not be considered because it became effective after the execution of the joint will therein. As a result, we conclude that KRS 394.540 does not apply to Albert and Flora's joint will.

■■■ In an effort to avoid this result, Edward argues that the law in effect at the time of Albert's death, which would include KRS 394.540, controls. Edward relies primarily upon KRS 394.330, which provides that generally a will shall be construed, regarding the property comprised in it, to speak and take effect as if executed immediately before the testator died. Even if this issue is preserved, which Edward concedes is a genuine issue, we are not persuaded that KRS 394.330 requires any different result, since it is generally intended to cover situations where the testator has bequeathed a specific item, such as "his car," and the car owned at death is different than that owned when the will was actually executed. It does not control the question of whether the joint will is valid as a joint will.

On this same issue, Edward also refers us to *Welsh v. Robison*, Ky.App., 702 S.W.2d 455 (1986), which was overruled in *Winebrenner v. Dorten*, Ky., 825 S.W.2d 836, 837 (1992). In *Welsh*, it was held that the decedent's former wife could recover under his will despite their divorce, because the General Assembly had inadvertently created a gap in the statute automatically revoking wills after divorce. It had done so by repealing the former statute (KRS 394.095), and limiting the current statute (KRS 394.092) to wills executed after a certain date, which date was after the will at issue there was executed. *Winebrenner* held that no such gap was created. However, as Edward properly notes, the court in *Welsh* did properly say it looked at the law in effect at the time of death to make

its decision. However, Edward's conclusion therefrom, that KRS 394.540 applies herein, is mistaken. Just as in *Welsh*, where KRS 394.092 did not apply to wills executed before its effective date, KRS 394.540 likewise does not apply to wills executed before its effective date. Thus, *Welsh* actually supports our decision.

Edward also argues that subsection two (2) of KRS 394.540 does not have any date limiting its applicability as does subsection one (1). While there may be some facial validity to Edward's argument, we reject it as an attempt to elevate form over substance. The apparent intent of the statute was to clarify and regulate the law regarding mutually binding joint wills, thereby setting a higher standard than the common law had imposed. However, presumably to avoid eradicating wholesale earlier wills, upon which people presumably were relying, the statute was limited to wills and contracts relating thereto executed after the effective date of the statute. It would thus defeat the intent of the legislature to allow subsection two (2) to eradicate all joint wills by limiting the effective date to subsection one (1). Therefore, we conclude that KRS 394.540 is in its entirety effective only after June 16, 1972. Consequently, it does not apply to the joint will.

As a final effort, Edward asserts that upholding the joint will as a mutual, binding contract between Albert and Flora would make any conveyance after the execution a breach of the contract. We note that the joint will unambiguously states that all property owned at the time of death will pass under the provisions of the will. It does not purport to limit *inter vivos* transactions. Therefore, if property is disposed of during life it is not included within the will. As a result, we do not find Edward's hypothetical concern about pre-death conveyances to require any further analysis.

■■ The joint will is valid and binding. *See Hatfield v. Jarrell*, Ky., 433 S.W.2d 346, 347 (1968); and *Watkins v. Covington*

*Trust and Banking Co.,* 303 Ky. 644, 198 S.W.2d 964 (1947). Consequently, the trial court was correct as a matter of law in declaring Flora's will void, and upholding the joint will.

We need not reach the issues raised in the briefs concerning Flora's so-called life estate in Albert's property in view of our disposition of the other issues.

For the reasons set forth above, we affirm the judgment of the Jefferson Circuit Court.

All concur.