NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0639n.06
Filed: July 29, 2005

No. 04-5605

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **BELLSOUTH TELECOMMUNICATIONS, INC.,** | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| **v.** | ) | DISTRICT OF KENTUCKY |
| | ) | |
| **MARK DAVID GOSS,** in his official capacity as | ) | **O P I N I O N** |
| Chairman of the Public Service Commission of | ) | |
| Kentucky**; ELLEN C. WILLIAMS,** in her official | ) | |
| capacity as Vice-Chairman of the Public Service | ) | |
| Commission of Kentucky**; AT&T** | ) | |
| **COMMUNICATIONS OF THE SOUTH AND** | ) | |
| **CENTRAL STATES, INC.; PUBLIC SERVICE** | ) | |
| **COMMISSION OF KENTUCKY; TGC OHIO,** a | ) | |
| New York General Partnership**,** | ) | |
| | | |
| *Defendants-Appellees.* | | |

BEFORE:   KEITH, BATCHELDER, and COLE, Circuit Judges.

**R. GUY COLE, JR., Circuit Judge.**  Plaintiff-Appellant BellSouth Telecommunications,

Inc. ("BellSouth") and Defendant-Appellee AT&T Communications of the South and Central States,

Inc. and TGC Ohio (collectively, "AT&T") entered into arbitration before the Defendant-Appellant

Public Service Commission of Kentucky and its various members, including individual Defendants-

Appellants Mark David Goss and Ellen C. Williams (collectively, the "Kentucky PSC").

The dispute before the Kentucky PSC involved a contract known as a "special access" lease,

which allowed AT&T to lease certain dedicated wires and connections from BellSouth, an

incumbent local exchange carrier ("ILEC"), to service AT&T's local telephone customers. As part of this contract, AT&T agreed to pay certain termination penalties if the volume of calls or data-transmission was reduced, or the term of the contract decreased. In a series of court decisions, FCC orders, and Kentucky PSC decisions, it was determined that BellSouth was required to offer these same "special access" services to AT&T on an at-cost and "unbundled" basis under the Telecommunications Act of 1996, Pub L. No. 104-104, 110 stat. 56 (1996), *codified at* 47 U.S.C. § 151 *et seq.* ("the 1996 Act"). *See AT&T Corp. v. Iowa Utils. Bd.*, 525 U.S. 366, 386-90 (1999) (holding that the FCC could require unbundling network components but that the method of determining whether a component should be unbundled must be revised by the FCC); *Verizon Communications, Inc. v. FCC*, 535 U.S. 467, 497-01 (2002) (holding that the FCC could require an ILEC to offer unbundled network elements ("UNEs") on an at-cost basis); *see also Third Report and Order and Fourth Further Notice of Proposed Rulemaking*, 15 FCC Rcd. 3696 at ¶¶ 190-95, 323-24 (1999) ("reaffirming" regulations requiring ILECs to unbundle high capacity transmission facilities); *Investigation Regarding Compliance of the Statement of Generally Available Terms of BellSouth Telecomms., Inc. With Section 251 & Section 252(d) of the Telecommunications Act of 1996*, Case No. 98-348, at 2-6 (Ky. PSC Oct. 5, 1998) (holding that BellSouth was required to provide unbundled network components at an at-cost basis, plus an additional one-time fee).

AT&T thereafter sought to convert the special access lease to an at-cost UNE lease. BellSouth argued before the Kentucky PSC that such a conversion constituted a termination within the meaning of the special access lease, and AT&T was therefore required to pay termination penalties. The Kentucky PSC disagreed, holding that the conversion from a special access lease to

an at-cost UNE lease did not amount to a "termination." The Kentucky PSC further determined that, as an equitable matter, BellSouth's insistence on termination penalties was inappropriate, since BellSouth was at all times required to offer AT&T an at-cost UNE lease.

BellSouth appealed the decision of the Kentucky PSC to the district court. The district court affirmed, holding that the Kentucky PSC had not acted in an arbitrary or capricious manner in determining that there was no "termination" under the lease sufficient to support the imposition of penalties. The district court further agreed with the Kentucky PSC that, as an equitable matter, termination liability was inappropriate given BellSouth's previous refusal to offer an at-cost UNE lease, despite authority requiring such leases.

On appeal, BellSouth seeks review of these two issues. As an initial matter, we note that federal court review of the Kentucky PSC on factual and state law matters is under the arbitrary and capricious standard of review. *See Michigan Bell Tel. Co. v. MCIMetro Access Transmission Serv., Inc.*, 323 F.3d 348, 354, 357 (6th Cir. 2003). Here, BellSouth argues that the Kentucky PSC's interpretation of the termination liability clause in the special access lease is a question of law, and therefore reviewed *de novo*. However, the parties concede that the special access lease is a contract, and contract interpretation is generally a matter of state law. *See Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 815 (6th Cir. 2004). Accordingly, federal review of the Kentucky PSC as either a question of fact or state law, is limited to the extremely deferential arbitrary and capricious standard of review.

Second, BellSouth asserts that in relying on equitable principles to deny the imposition of termination liability, neither the Kentucky PSC nor the district court adequately addressed the

elements for equitable estoppel. However, neither AT&T nor the Kentucky PSC invoked the doctrine of equitable estoppel in holding that termination liability was not appropriate. Rather, both the Kentucky PSC and the district court merely used equitable principles in the interpretation and enforcement of the termination liability clause. Kentucky courts routinely rely on equitable considerations for determining the applicability, scope, and interpretation of contract terms. *Hodges v. Todd*, 698 S.W.2d 317, 320 (Ky. Ct. App. 1985) ("[E]quitable considerations are paramount in determining whether to enforce a noncompetition covenant even though it is unreasonable as to either time or space . . . . Equitable considerations will prevail against a mechanistic approach as to whether the contract is divisible or indivisible and thus enforceable."); *Stevens v. Stevens*, 798 S.W.2d 136, 139 (Ky. 1990) (enforcing an ambiguous contract term on the basis of equity, since "the respondent's intent to provide his daughter with a four year undergraduate education is clear, equity demands that the respondent be required to pay some amount"). More to the point, given BellSouth's failure to comply with the Kentucky PSC's explicit orders to offer its competitors an at-cost UNE lease as required by the 1996 Act, such reliance is appropriate.

In addition to the above holdings, this Court adopts the reasoning and conclusions of the district court, and affirms its judgment. Our decision is based on a careful review of the Kentucky PSC opinions, the district court opinion, the parties' briefs and submissions, and applicable authority.

Accordingly, we **AFFIRM** the judgment of the district court.